# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PARKER AUTO BODY INC, et al.,

     Plaintiffs,

v.

STATE FARM MUTUAL AUTO
INSURANCE COMPANY, et al.,

     Defendants.

Case No: 6:14-cv-6004-Orl-31TBS
MDL Case No.: 6:14-md-2557-GAP-TBS

_____

## ORDER

On March 10, 2015, Magistrate Judge Smith issued a Report and Recommendation (Doc. 109), recommending that the Defendants' motions to dismiss (Docs. 70, 73, 76, 7 9, 88, and 100-102) be granted and that the Plaintiffs' Complaint (Doc. 1) be dismissed.   The Plaintiffs filed an objection (Doc. 112) to the Report and Recommendation, to which the Defendants responded (Docs. 113-115).   By their objection, the Plaintiffs contest only the recommended dismissal of their claim for an alleged violation of the Louisiana Unfair Trade Practices Act and Consumer Protection Law (henceforth, "LUTPA"), their unjust enrichment claim, and their claim for tortious interference with business relations.

Magistrate Judge Smith concluded that the LUTPA claim was barred by La. Rev. Stat. §51:1406(1), which provides that LUTPA does not apply to "actions or transactions that are subject to the jurisdiction of … the insurance commissioner" of Louisiana.   (Doc. 109 at 8).   That jurisdiction extends to "any trade practice which is defined in [the Insurance Code] to be an unfair method of competition or an unfair or deceptive act or practice…."   La. Rev. Stat. §22:1963. Among the acts or practices defined by the Louisiana Insurance Code as unfair or deceptive are

"[u]nfair claims settlement practices" such as "[n]ot attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear" and "[a]ttempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled…."   La Rev. Stat. §22:1964(14)(f), (h).

The Plaintiffs argue, in essence, that the Insurance Commissioner regulates the relationship between the insurance company and its insured, not the relationship between the insurance company and a third-party vendor, such as an auto repair shop.   (Doc. 112 at 7-9).   As such, the Plaintiffs say, the Insurance Commissioner would not have the authority to review the actions described in the Complaint, and LUTPA would apply.   However, the Plaintiffs provide no case law supporting their interpretation.   As the Defendants point out, Louisiana courts have repeatedly held that the exemption for insurance companies from LUTPA is broad.   *See, e.g.*, *Ctr. for Restorative Breast Surgery, L.L.C. v. Humana Health Benefit Plan of La., Inc.*, No. Civ. A 10-4346, 2014 WL 1276503, at *7 (E.D. La. Mar. 27, 2014) ("an unfair trade practice involving insurance is within the jurisdiction of the commissioner of insurance and thus outside the scope of the LUTPA").   And the practices complained of by the Plaintiffs are the methods by which the Defendants pay claims, making those practices a part of the "business of insurance" even though they involve a party other than the insurer and the insured.[1]

As for the unjust enrichment claim, the Magistrate Judge found this claim to be without merit because the Plaintiffs had alleged the existence of contracts – referred to as "DRPs" – between the Plaintiffs and the Defendants.   In their objection, the Plaintiffs allege that the DRPs are not "valid, binding contracts."   (Doc. 112 at 12).   That may turn out to be the case, but at this

---

[1] The Plaintiffs also seek to rely on case law construing "the business of insurance" under the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015, which the Court finds to be inapposite.

point, the Plaintiffs have alleged the existence of these contractual relationships, and the Court is obligated to accept the allegations of the Complaint as true.   Moreover, this claim is precluded for the same reasons expressed by this Court in the companion MDL cases from Florida (Case No. 6:14-cv-310), Mississippi (Case No. 6:14-cv-6000), and Indiana (Case No. 6:14-cv-6001).

As for the tortious interference claim, Magistrate Judge Smith concluded that the generalized nature of the Plaintiffs' contentions does not satisfy the applicable pleading standard, which requires facts showing that the Defendants prevented identifiable third parties from entering into a business relationship with any Plaintiff.   (Doc. 109 at 15-16). The Plaintiffs contend that this is an impractical pleading standard because it seeks to compel them to produce information "which is peculiarly within the possession and control of the Defendants."   (Doc. 112 at 13).   But there is nothing in the Complaint that explains why the Defendants, but not the Plaintiffs, would have this information.   Surely the Plaintiffs must have some basis to believe that certain Defendants interfered with certain of the Plaintiffs' customers.   A general allegation that some unidentified Defendants – or all Defendants – interfered with some unidentified customers of some unnamed Plaintiff does not satisfy the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Accordingly, it is hereby

**ORDERED** that

1.      Plaintiffs' objection is **OVERRULED** and the Report and Recommendation of Magistrate Judge Smith is **CONFIRMED AND ADOPTED**; and

2.      The motions to dismiss (Docs. 70, 73, 76, 7 9, 88, and 100-102) are **GRANTED** as set forth above; and

3.     The Complaint (Doc. 1) is **DISMISSED**.   Count I (violation of LUTPA) and Count IV (quasi estoppel) are **DISMISSED WITH PREJUDICE.**   The remaining counts are **DISMISSED WITHOUT PREJUDICE**; and

4.     The Plaintiffs may file an amended pleading not more than 21 days after the date of this order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 27, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party