# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PARKER AUTO BODY INC, et al.,

    Plaintiffs,

v.                                                                           Case No: 6:14-cv-6004-Orl-31TBS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,

    Defendants.

## ORDER

This matter comes before the Court on the Motion to Strike (Doc. 124) filed by Defendant 21st Centennial Insurance Company and 26 other Defendants (henceforth, the "Movants"), the response in opposition (Doc. 136) filed by the Plaintiffs, and the reply (Doc. 141) filed by the Movants.

On April 27, 2015, the Court entered an order (Doc. 118) confirming and adopting the Magistrate Judge's Report and Recommendation (Doc. 109) and dismissing the Complaint (Doc. 1). Two counts of the Complaint were dismissed with prejudice; the rest were dismissed without prejudice. (Doc. 118 at 4). As to those counts of the Complaint that were dismissed without prejudice, the order provided as follows:

> The Plaintiffs may file an amended pleading not more than 21 days after the date of this order.

(Doc. 118 at 4).

Twenty-one days after the date of the order was May 18, 2015. The Plaintiffs' Amended Complaint (Doc. 119) was filed on May 21, 2015. The Plaintiffs did not file a motion for extension of time. The Movants argue that the Plaintiffs missed the filing deadline, which caused

the dismissals without prejudice to be converted into dismissals with prejudice, and therefore the Amended Complaint should be stricken.   (Doc. 124 at 2).

The Plaintiffs argue, first, that the Amended Complaint was timely filed in that they were entitled to an additional three days to respond, as provided by Fed.R.Civ.P. 6(d).   (Doc. 136 at 2).   But that extension only applies "[w]hen a party may or must act *within a specified time after service*".   Fed.R.Civ.P. 6(b) (emphasis added).   The deadline for filing the amended pleading was set in reference to the date of the order rather than service of the order, and therefore Rule 6(d) did not come into play.   The Plaintiffs also argue that they are entitled to an extension of time under the provisions of Rule 6(b)(1)(B), which apply "on motion made after the time has expired if the party failed to act because of excusable neglect."   (Doc. 136 at 4).   However, the alleged "excusable neglect" here consists of a simple misinterpretation of Rule 6(d), which does not satisfy the requirements of Rule 6(b)(1)(B).   *See, e.g.*, *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) (holding that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect).   Nonetheless, given the absence of prejudice to the Movants in having to respond to an amended pleading filed on May 21 rather than on May 18,[1] and given the judicial system's preference for deciding cases on the merits, the Court will exercise its discretion and treat the amended pleading as timely filed.

In consideration of the foregoing, it is hereby

---

[1] *See Pioneer Investment Services v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993) (stating that "inadvertence, ignorance of the rules, or mistakes do not usually constitute 'excusable' neglect" and holding that excusable neglect should be determined by reference to the following four factors: "the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings,  the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith".)

**ORDERED** that on the Motion to Strike (Doc. 124) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 14, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party