IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

| | |
|---|---|
| PARKER AUTO BODY INC., *et al.*, | * |
| | * |
| PLAINTIFFS, | * |
| | * MDL Docket No. 2557 |
| v. | * |
| | * Case No. 14-cv-6004-GAP-TBS |
| STATE FARM MUTUAL AUTOMOBILE | * |
| INSURANCE COMPANY, *et al.*, | * ORIGINALLY FILED IN THE |
| | * WESTERN DISTRICT OF |
| DEFENDANTS. | * LOUISIANA |
| | * |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO JUDGE SMITH'S**
**<u>REPORT AND RECOMMENDATION</u>**

Plaintiffs object ("Pl. Obj.") (Doc. 178) to the Report and Recommendation's dismissal of their Unjust Enrichment and Tortious Interference Claims as if they had been "blindsided" by some legal issue that they would have addressed had they but known about it. But the Eleventh Circuit's prohibition against shotgun and group pleadings was established long before these cases were ever filed.  Moreover, throughout this entire MDL proceeding, starting with the Court's <u>sua sponte</u> Order dated June 11, 2014 in companion case <u>A&E Auto Body, Inc. v. 21st Century Centennial Ins. Co.</u> ("A&E"), Plaintiffs' counsel has been on notice of this fundamental pleading defect. As Plaintiffs themselves stated in the brief they filed before Magistrate Judge Smith in 2015, referring to the Court's prior rulings in the <u>A&E</u> case: "Presumably then, the directions provided by the Court in that case are equally applicable to the present one." Plaintiffs' Response to Certain Defendants' Motion to Dismiss, dated July 6, 2015 (Doc. 134) at 9 ("Pl. Opp.").

1

In the Motions to Dismiss, the undersigned Defendants have consistently and assiduously focused on Plaintiffs' failure to correct their improper shotgun and group pleadings. See Motion to Dismiss First Amended Complaint (Doc. 121) at 1-3, 16-17 ("Def. Br."); Motion to Dismiss Complaint (Doc. 70) at 4-8. Contrary to Plaintiffs' current "law of the case" argument, Magistrate Judge Smith never held that shotgun and group pleadings were acceptable in this case, in this MDL, or in the Eleventh Circuit. In no event is this Court precluded from adopting Judge Smith's recommendation of dismissal with prejudice as to Plaintiffs' Unjust Enrichment and Tortious Interference Claims for failure to comply with the pleading requirements of the Eleventh Circuit.

Nor have Plaintiffs filed an otherwise sufficient complaint in an improper format. Substantively, these forty separate plaintiffs have included no specific allegations with respect to the joining Defendants. See April 5, 2016 Report and Recommendation (Doc. 167) ("R&R") at 12-21; Def. Br. at 2-3. Not only have each of the Plaintiffs failed to allege how they were the victim of tortious interference or how they unjustly enriched each and every Defendant; they have failed to allege the Defendant who harmed them and the customer involved. R&R at 12. This fundamental pleading deficiency has been a recurring and uncured problem, and the state law claims of the Amended Complaint should now be dismissed with prejudice for failure to state a claim against these Defendants.

# ARGUMENT

## I. DISMISSAL OF THE COMPLAINT SHOULD BE AFFIRMED BASED ON RULE 8 PLEADING DEFICIENCIES.

### A. The Eleventh Circuit Prohibits Shotgun Pleading.

The Eleventh Circuit has repeatedly held that shotgun pleading and collective allegations against multiple defendants are grounds for dismissal. In Lacroix v. Western Dist. of Kentucky, 627 Fed. App'x 816, 818 (11th Cir. 2015), cert denied, 2016 WL 280920 (U.S. Jan. 25, 2016), the Court of Appeals made it clear that shotgun pleadings and collective allegations against multiple defendants would lead to dismissal:

> [T]he allegations in the complaint "must be simple, concise, and direct," and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." A "shotgun pleading" – one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" – does not comply with the standards of Rules 8(a) and 10(b). . . . Here, the district court properly dismissed the complaint for failing to comply with the pleading requirements of the Federal Rules of Civil Procedure. . . . [T]he complaint's 763 numbered paragraphs consist of factual allegations that are not specifically tied to any of the 69 enumerated causes of action. Indeed, the 69 causes of action are alleged against the defendants collectively, making it impossible to identify which particular defendant engaged in what allegedly wrongful conduct. In other words, Plaintiff LaCroix's complaint is a classic shotgun pleading. As such, it does not comply with Rule 8(a), 8(d), or 10(b), and the district court properly dismissed it.

(some internal citations omitted). In Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1125-26 (11th Cir. 2014), the Court cited to over twenty different cases in which the

3

Eleventh Circuit has discussed the "shotgun pleading problem," stating: "Each of these cases was decided by a unanimous court. All of the judges of this court, active and senior, have either authored or concurred in an opinion condemning shotgun pleadings." Stressing the "massive waste of judicial and private resources" that result from shotgun pleadings, the Court further stated: "A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e)" "[a]nd nothing should stop District Courts from demanding, on their own initiative, that the parties replead the case." Id. at 1126-27, 28 (internal quotation marks and citations omitted).

In Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979-83 (11th Cir. 2008), abrogated on other grounds, Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp v. Twombly, 550 U.S. 544 (2007), the Court of Appeals spent five pages discussing the Eleventh Circuit's long history of "roundly, repeatedly, and consistently condemning" shotgun pleadings and the many "unacceptable consequences of shotgun pleadings," calling it an "imped[iment] [to] the due administration of justice" and an "obstruction of justice":

> First, and perhaps foremost, shotgun pleading inexorably broadens the scope of discovery, much of which may be unnecessary. . . . Second, in addition to delaying a just disposition of the case at the undue expense of one or both parties, shotgun pleadings, if tolerated by the court, lessen the time and resources the court has available to reach and dispose of the cases and litigants waiting to be heard. . . . Third, shotgun pleadings wreak havoc on appellate court dockets. . . . Fourth, the mischief shotgun pleadings cause[] undermines the public's respect for the

> courts – the ability of the courts to process efficiently, economically, and fairly the business placed before them.

(internal quotation marks and citations omitted). See also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (stating that tolerating shotgun complaints "does great disservice to the administration of civil justice").

Despite this clear and controlling precedent, Plaintiffs have repeatedly failed to tie any of their factual pleadings to specific causes of action. As the R&R made clear:

> The tortious interference count in the Parker Case begins at paragraph 543 and the unjust enrichment count begins at paragraph 555. . . . Plaintiffs fail to state which of the preceding paragraphs of their complaints are incorporated into these counts.

R&R at 6-7. Plaintiffs cannot legitimately claim some unfair surprise in being held to the pleading standard of this Circuit (Pl. Obj. at 1-2) – and Plaintiffs' inclusion of complaints from other jurisdictions is wholly off point (as well as being improper) (Pl. Obj. at 40-42).

### B. The Eleventh Circuit Prohibits Undifferentiated Group Pleading.

Judge Smith's Recommendation should also be adopted because the Complaint suffers from deficient group pleading. Indeed, the Amended Complaint lacks substantive, individualized allegations directed at any Insurer except State Farm, Allstate, Safeway, Progressive, Farm Bureau, USAgencies, and ANPAC. See R&R at 8; Am. Compl. (Doc. 119) ¶¶ 350-76. But those few isolated exceptions prove the rule. Here, there are multiple defendants. Federal Rule of Civil Procedure 8 ("Rule 8") is not satisfied when plaintiffs simply use the general term "Defendants"

5

and then in conclusory fashion aver that they all did the same thing. That point was also made clear by the Court of Appeals in Lacroix, where it affirmed the dismissal of the plaintiffs' claims, explaining that pleadings "against the defendants collectively, mak[e] it impossible to identify which particular defendant engaged in what allegedly wrongful conduct." 627 Fed. App'x at 819. See also Robinson v. Section 23 Property Owner's Assoc. Inc., No. 2:12-cv-675-FTM-29CM, 2014 WL 4358486, at *5 (M.D. Fla. 2014) ("Plaintiffs impermissibly 'lump together all of the defendants' without specifying each's role in the alleged fraud.").

In Pierson v. Orlando Regional Healthcare Systems, Inc., 619 F. Supp. 2d 1260, 1273 (M.D. Fla. 2009), aff'd, 451 Fed. App'x 862 (11th Cir. 2012), cert. denied, 133 S. Ct. 940 (2013), this Court affirmed the dismissal of a "group pleading" complaint for failing to meet Rule 8's pleading requirement to give defendants "fair notice of the basis for the claims against them." The complaint in Pierson consisted of a series of paragraphs listing the defendants by name, a series of paragraphs describing the individual defendants, and then group pleadings "without differentiation among individual Defendants" some of which were "mentioned by name only two or three times in the entire Amended Complaint." Id. at 1272. The court held: "Because of the grouping together of these Defendants without differentiation or some sort of description of actions that could provide 'fair notice' of the basis for the claims against them, the claims against the [Defendants] are not sufficiently pled." Id. at 1274. Thus, Plaintiffs should not be surprised by the R&R, which fairly applies the Rule 8 pleading requirements in this Circuit. And, Plaintiffs

cannot prohibit the District Court from following the Eleventh Circuit's pleading standard by declaring that a magistrate judge's R&R is binding "law of the case."[1]

### C. Decisions Throughout This MDL Have Stressed The Need To Correct Shotgun And Group Pleadings.

From the outset of this MDL proceeding, the District Court notified Plaintiffs' counsel that shotgun and group pleading was unacceptable. Plaintiffs have nonetheless attempted to plead a claim for unjust enrichment as if they never read this Court's sua sponte Order dismissing the original complaint in the A&E case in which the Court expressly referred to the pleading problem with respect to a claim of unjust enrichment:

> With limited expectations, the allegations of wrongdoing are attributed, collectively, to every Defendant and alleged to have been perpetrated upon every Plaintiff. While there may be situations in which such collective descriptions are sufficient, at least some of claims asserted here require individualized allegations. For example, if Plaintiffs' counsel were able to establish that Defendant A was unjustly enriched by shortchanging Plaintiff B, it would not entitle any other plaintiff to a

---

[1] Plaintiffs take issue with the pleading standard in this jurisdiction: "It is only in the Middle District of Florida that such arguments have found fertile ground . . . ." Pl. Obj. at 42. Not only is that statement discourteous, it is wrong. See, e.g., Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001) (dismissing a group pleading complaint because "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [Plaintiff's] complaint failed to satisfy [Rule 8's] minimum standard, even after the district court graciously accorded him several opportunities to correct its manifest flaws."); Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008) (the court held that "use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom" is insufficient to satisfy the plaintiffs' pleading requirements). See also SD3, LLC v. Black & Decker (U.S.) Inc., 801 F.3d 412, 423-24 (4th Cir. 2015), am. on reh'g in part (Oct. 29, 2015) (no Sherman Act claim where Plaintiff "trie[d] to tie [certain] defendants to the purported conspiracies with nothing more than conclusory statements").

7

>
> judgement against Defendant A (or any other defendant). However, that is the way this action has been pleaded. If the Plaintiffs choose to replead, this must be corrected.

Order, A&E (Doc. 110) at 2. See also A&E, 120 F. Supp. 3d 1352, 1356 (M.D. Fla. 2015) (criticizing "collective allegations about the conduct of 'Defendants,' even in scenarios (such as the alleged steering of an insured away from one of the Plaintiffs to a lower-priced shop) where it would seem that any Defendant doing so would have acted singly."); Brewer Body Shop, LLC v. State Farm Mut. Auto. Ins. Co., 101 F. Supp. 3d 1256, 1260 (M.D. Fla. 2015) (providing clear instructions to the Plaintiffs as to how to cure their pleading deficiencies); Southern Collision & Restoration, LLC v. State Farm Mut. Auto. Ins. Co., No. 14-cv-6005, 2015 WL 1911768, at *2 (M.D. Fla. Apr. 27, 2015) (same).

### D. The 2015 Report and Recommendation and the 2015 Order Adopting It Gave Plaintiffs Notice of the Rule 8 Pleading Issue.

The thrust of Plaintiffs' Objection is that they were unfairly surprised by the R&R concluding that shotgun and group pleadings warranted dismissal of the Amended Complaint:

> In addressing prior motions to dismiss, a Report and Recommendation was issued which was adopted by the Court. In that prior Report, the magistrate recommended dismissal of the tortious interference claim for failing to set out specific business relationships with which the Defendants interfered. The Report did not mention problems with group pleading, shotgun pleading, or any other matter raised for the first time in the current Report and Recommendation. See Doc. No 109, pg. 15-16
>
> In adopting the Report, the Court agreed this was the only purported deficiency. See Doc. No. 118, pg. 3.

8

Pl. Obj. at 1. (emphasis added). The record, however, is to the contrary.

In recommending dismissal of the Complaint in 2015, Magistrate Judge Smith clearly pointed to the general Rule 8 pleading deficiencies:

> General allegations that the plaintiff lost customers or that a defendant's actions affected the plaintiff's business interests will not suffice.
>
> * * *
>
> The plaintiff "must show that the [defendant] actually prevented him from having dealings with an *identifiable* third party."
>
> * * *
>
> But, the Court need not decide whether Plaintiffs have pled facts raising a plausible inference of malice, since dismissal is warranted on other grounds.
>
> In A & E Auto Body, the Court dismissed the plaintiffs' tortious interference claims because the generalized allegations in that case could not support a tortious interference claim under Florida law.

Report and Recommendation dated March 10, 2015 (Doc. 109) at 13, 14, 15, quoting A&E, 2015 WL 304048, at *8.

In adopting the initial R&R on April 27, 2015 (Doc. 118), the District Court made it clear that the fundamental Rule 8 pleading deficiencies still persisted:

> Moreover, this claim is precluded <u>for the same reasons</u> expressed by this Court in the companion MDL cases from Florida (Case No. 6:14-cv-310). . . ."
>
> "As for the tortious interference claim, Magistrate Judge Smith concluded that the <u>generalized nature</u> of the Plaintiffs' contentions <u>does not satisfy the applicable pleading standard</u>, which requires facts showing that the Defendants prevented identifiable third parties from entering into a business relationship with any Plaintiff."

9

\* \* \*

> <u>A general allegation that some unidentified Defendants – or all Defendants – interfered with some unidentified customers of some unnamed Plaintiff does not satisfy the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662</u> (2009).

Order dated April 27, 2015 (Doc. 118) at 3 (emphasis added). Accordingly, Plaintiffs cannot claim some unfair surprise by the Magistrate Judge's R&R roughly one year later.

### E. Both Parties Briefed the Rule 8 Pleading Issue in the Current Motion to Dismiss the Amended Complaint.

In moving to dismiss the Amended Complaint (which failed to correct the pleading defects), Defendants attacked the shotgun and group pleadings:

> Both remaining state law claims (Tortious Interference with Business Relations and Unjust Enrichment) should be dismissed for failure to allege any act by any Defendant with regard to any Plaintiff. Counts III and IV do not mention a single Defendant, a single Plaintiff, or a single customer. See FAC ¶¶ 543-562. Nor do allegations in Count III or Count IV incorporate any specific allegations from the FAC. <u>This resort to shotgun pleading is precisely the pleading defect the Court pointed out</u> in its June 11, 2014 initial dismissal of the A&E Complaint (A&E Doc. 110).

Def. Br. at 16 (emphasis added) (also describing the April 27, 2015 Order as underscoring the fact that "shotgun pleading was unacceptable . . . .").

Plaintiffs could not be surprised that the Magistrate Judge would address these issues because Defendants squarely placed them at issue:

> Similarly, the remaining state law claims of tortious interference and unjust enrichment continue to ignore the Court's many admonitions regarding shotgun pleadings and the need to allege specific facts.

10

* * *

> Despite repeated dismissals and repeated instructions from the Court, Plaintiffs have chosen to repeat their shotgun and group pleading…. This type of generalized group pleading has been repeatedly rejected. See Report and Recommendations, No. 14-md-2557, at 39 (Doc. 192) ("Omnibus R&R").

* * *

> Plaintiffs have chosen to plead unjust enrichment as if they never read this Courts sua sponte Order dismissing the original complaint in that A&E case. . . .The FAC still improperly alleges that all Plaintiffs were harmed by all Defendants without providing any specifics as repeatedly instructed by this Court.

Id. at 3, 17, 19-20.

Rather than being unaware of these arguments, Plaintiffs, almost a year ago, disputed the inadequacy of their pleadings:

> In January, 2015, this Court entered an order setting out additional facts it deemed necessary for sufficient pleading. Though entered in a companion case, the Report and Recommendation issued by Judge Smith and adopted by Judge Presnell state dismissal of the Sherman Act claims was predicated on the same grounds as those set out in A&E Auto Body, Inc., et al v. 21st Century Centennial Ins. Co., et al, Case No. 6:14-CV-310. <u>Presumably then, the directions provided by the Court in that case are equally applicable to the present one.</u>

* * *

> In addition to meeting the requirements of the Court's previous Order, the facts asserted in the FAC are consistent with sufficiency found by district courts within and without the Eleventh Circuit.

* * *

11

> Several Defendants allege they are mentioned only a few times or not at all by name in the FAC and therefore should be dismissed.
>
> * * *
>
> <u>Hartford further argues the claim suffers from the same "shotgun pleading" defects</u> and a somewhat incoherent diatribe regarding DRPs which in Hartford's view requires dismissal of the unjust enrichment claim.

Pl. Opp. at 9, 34, 41, 53 (emphasis added). Plaintiffs may have disagreed with Defendants' position, but they never argued that the issue had been resolved or foreclosed as "law of the case." This new "law of the case" argument, raised for the first time in an objection to a report and recommendation, need not be considered by this Court. <u>See, e.g.</u>, <u>Am. Home Assur. Co. v. Weaver Aggregate Trans., Inc.</u>, 89 F. Supp. 3d 1294, 1300 (M.D. Fla. 2015). Moreover, it is plainly incorrect.

## II. NEITHER THE COURT NOR DEFENDANTS SHOULD BE FURTHER BURDENED WITH PLAINTIFFS' ARGUMENTS.

Plaintiffs' pleading problem is more than simply failing to have otherwise adequate pleadings arranged in a proper format. Substantively, Plaintiffs fail to include <u>any specific</u> allegations regarding most Defendants and most Plaintiffs. There are forty individual plaintiffs in this case. Each one is required to allege, at a minimum, the identity of the specific Defendant who took some action to harm that individual Plaintiff. <u>See</u> R&R at 12 (""[A]t a minimum, Plaintiffs should allege sufficient facts specific to each Defendant, or at least each corporate family of Defendants, to tie that Defendant to the wrongdoing alleged."); <u>see also</u> Omnibus Report and Recommendation in case No. 14-md-2557, dated June 3, 2015 (Doc.

12

192) at 11 (same).  Instead, the Amended Complaint alleges, in conclusory fashion, that fifty-seven different Defendants somehow harmed each Plaintiff.  But there are absolutely no allegations as to what action each Defendant took with respect to each Plaintiff.[2]  It does not solve Plaintiffs' problem by quibbling over the number of Defendants unmentioned (whether individual corporate entities or corporate families); Plaintiffs have alleged no action taken by most Defendants.  Beyond that repeated failure, Plaintiffs fail to allege the customer involved.  Simply stated, forty plaintiffs cannot sue fifty-seven defendants and fail to allege how each defendant harmed each plaintiff.  Plaintiffs have had ample warning of this fundamental problem, and they have completely failed to remedy it.

Despite these dispositive problems with the Amended Complaint, Plaintiffs have now submitted a sixty-seven page Objection to the R&R in violation of Local Rule 3.01(a). The over-length brief should be stricken (or not read past page twenty-five).  See Danubis Grp., LLC v. Landmark Am. Ins. Co., No. 6:14-CV-32-ORL-37DAB, 2016 WL 1055430, at *2 n.2 (M.D. Fla. Mar. 17, 2016) ("The Court did not consider any arguments or grounds beyond page 25 . . . as these pages were filed in violation of Local Rule 3.01(a) and stricken by Court Order.").  Among the sixty-seven unnumbered pages, Plaintiffs ask the Court to consider for the first time a

---

[2] For example, the only specific allegations in the Amended Complaint mentioning Hartford are: (1) That it is a Defendant (Am. Compl. ¶¶ 78-81); (2) Plaintiffs do not know Hartford's market share (id. ¶ 115); (3) Hartford has created DRPs (id. ¶¶ 164, 218, 416, 457); (4) Hartford does not conduct a labor rate survey (id. ¶ 238); (5) Hartford uses CCC (id. ¶ 286); and (6) Hartford participates in trade associations (id. ¶¶ 422, 432).  The same is true as to virtually all other Defendants.  None of these allegations support in any way Plaintiffs' claims for unjust enrichment or tortious interference.

laundry list of "facts." See Pl. Obj. at 35-39. But none of them were alleged in the Amended Complaint. These unalleged "facts" are not a proper basis for objection to the R&R which had no opportunity to address them, and should not be considered by this Court. See, e.g., United Student Aid Funds, Inc. v. Gary's Grading and Landscaping, No. 6:07-cv-1140-Orl-19DAB, 2009 WL 161711, at *6 (M.D. Fla. Jan. 21, 2009) ("Plaintiff's representations . . . are made in its Objection to the Report and Recommendation rather than in an affidavit or other type of evidence. . . . the arguments of an attorney do not constitute evidence."); Eze v. Am. Equipment Leasing LLC, No. 6:11-cv-1213, 2011 WL 4481436, at *3 (M.D. Fla. Sept. 27, 2011) ("[T]he Court declines to consider these new income figures provided for the first time in Plaintiff's Objections to Magistrate's Report and Recommendation."). See also Austin v. Modern Woodman of America, 275 Fed. App'x 925, 926 (11th Cir. 2008) ("A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss.") (quoting Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1329 n.7 (11th Cir. 2006)).

Finally, as a matter of jurisprudence, the Court need not reach legal issues unnecessary for the determination of the case. See, e.g., Fails v. Secretary, Dept. of Corrections, No. 4:13-cv-456, 2014 WL 4092262, at *1 (N.D. Fla. Aug. 19, 2014). See also Dibbs v. Hillsborough County, Florida, 625 Fed. App'x 515, 517-18 n.4 (11th Cir. 2015); United States v. 410.69 Acres of Land, More or Less in Escambia Cty., State of Fla., 608 F.2d 1073, 1074 (5th Cir. 1979). Here, the Rule 8 pleading

deficiencies require the dismissal of the Amended Complaint. Therefore, Plaintiffs' various legal arguments on the intricacies of Louisiana law should never be reached.

If the Court chooses to wade through the sixty-seven pages of argument, Defendants adopt and incorporate by reference the briefs submitted by the other Defendants on the issues of Louisiana Law. See Scheduling Order Number One, 15-md-2557 (Doc. 2) at 3.[3]

## CONCLUSION

For all the reasons stated above, Plaintiffs' objections should be overruled.

Dated May 9, 2016

By: /s/ Thomas G. Rohback
Thomas G. Rohback
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 275-8100
Facsimile: (860) 275-8101
trohback@axinn.com

Attorneys for Defendants Hartford

Respectfully submitted,

/s/ R. Bradley Best
R. Bradley Best (MS Bar# 10059)
HOLCOMB DUNBAR WATTS BEST
MASTERS & GOLMON, PA
P.O. Drawer 707
400 South Lamar, Suite A
Oxford, MS 38655
Tel: (662) 234-8775
Fax: (662) 238-7552
bradbest@holcombdunbar.com

---

[3] Defendants' prior briefing also explains in detail why Plaintiffs' second attempt to state a claim for tortious interference with business relations fails to remedy their defective original complaint, because, inter alia, Plaintiffs fail to state specific allegations of tortious interference against the majority of Defendants and also fail to allege malice, a key element of interference under Louisiana law. See Def. Br. at 17-19; Certain Defendants' Motion to Dismiss (Doc. 125) at 19-23; Moving Defendants' Reply Brief (Doc. 138) at 4-5; Certain Defendants' Reply Brief at 6-7 (Doc. 146). Defendants' briefing further explains in detail why Plaintiffs' quantum meruit claim similarly fails to state a claim for relief, because, inter alia, Plaintiffs have not enriched or conferred a benefit upon Defendants and there has been no impoverishment of Plaintiffs. See Def. Br. at 19-23; Certain Defendants' Motion to Dismiss (Doc. 125) at 23-24; Moving Defendants' Reply Brief (Doc. 138) at 4-5; Certain Defendants' Reply Brief (Doc. 146) at 8.

| | |
|---|---|
| Accident and Indemnity Company, incorrectly named in the Complaint as "Hartford Accident and Indemnity Insurance Company"; Hartford Casualty Insurance Company; Hartford Fire Insurance Company; and Hartford Insurance Company of the Midwest | Counsel for Defendants Shelter General Insurance Company and Shelter Mutual Insurance Company |
| /s/ Michael H. Carpenter<br>Michael H. Carpenter<br>Michael N. Beekhuizen<br>David J. Barthel<br>Carpenter Lipps & Leland LLP<br>280 Plaza, Suite 1300<br>280 North High Street<br>Columbus, Ohio 43215<br>(614) 365-4100 telephone<br>(614) 365-9145 facsimile<br>carpenter@carpenterlipps.com<br>beekhuizen@carpenterlipps.com<br>barthel@carpenterlipps.com<br><br>Mark J. Botti<br>Squire Patton Boggs (US) LLP<br>1200 19th Street, N.W., Suite 300<br>Washington, District of Columbia  20036<br>(202) 626-6600 telephone<br>(202) 626-6780 facsimile<br>mark.botti@squirepb.com<br><br>Attorneys for Defendant Nationwide Mutual Insurance Company | By:       /s/ Jeffrey R. Seewald<br>JEFFREY R. SEEWALD<br>Texas State Bar No. 17986640<br>McGlinchey Stafford, PLLC<br>1001 McKinney Street, Suite 1500<br>Houston, Texas 77002<br>Phone:   713-520-1900<br>Fax:       713-520-1025<br>Email:   jseewald@mcglinchey.com<br><br>ANTHONY J. ROLLO<br>Louisiana State Bar No. 01133<br>McGlinchey Stafford, PLLC<br>301 Main Street, 14th Floor<br>Baton Rouge LA 70801<br>Phone:   225-383-9000<br>Fax:       225-343-3076<br>Email:   arollo@mcglinchey.com<br><br><br>Counsel for Affirmative Casualty Insurance Company, Inc.,  f/k/a/ USAgencies Casualty Insurance Company, Inc. |
| / s/ James K. Ordeneaux<br>Andrew Plauché, Jr. (LA Bar No. 11023)<br>James Keith Ordeneaux (LA Bar No. 28179)<br>Elizabeth Atwell Babin Carville (LA Bar No. 27949)<br>PLAUCHÉ MASELLI PARKERSON LLP<br>701 Poydras St., Suite 3800 | /s/ David L. Yohai<br>David L. Yohai (admitted pro hac vice)<br>John P. Mastando III (admitted pro hac vice)<br>Eric Hochstadt (admitted pro hac vice)<br>WEIL GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone:  212-310-8000<br>Facsimile:  212-310-8007 |

New Orleans, LA 70139
Telephone (504) 586-5275
Facsimile: (504) 582-1172
Email: aplauche@pmpllp.com
Email: jordeneaux@pmpllp.com
Email: acarville@pmpllp.com

Attorneys for Louisiana Farm Bureau Casualty Insurance Company

Email: david.yohai@weil.com
Email: john.mastando@weil.com
Email: eric.hochstadt@weil.com

Counsel for Defendants 21st Centennial Insurance Company, 21st Century North America Insurance Company, and Farmers Insurance Exchange


/s/ Michael R. Nelson
Michael R. Nelson (NY Bar No. 4097572)
Kymberly Kochis (NY Bar No. 4045530)
Francis X. Nolan, IV (NY Bar No. 984277)
SUTHERLAND ASBILL & BRENNAN LLP
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York 10036
Phone:      (212) 389-5000
Facsimile:  (212) 389-5099
michael.nelson@sutherland.com
kymberly.kochis@sutherland.com
frank.nolan@sutherland.com

Jeffrey S. Cashdan
Claire Carothers Oates
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia  30309
Phone:      (404) 572-4600
Facsimile:  (404) 472-5139
jcashdan@kslaw.com
coates@kslaw.com

Counsel for Progressive Security Insurance Company and Progressive Paloverde Insurance Company

 /s/ Seth A. Schmeeckle
Seth A. Schmeeckle, Trial Counsel
Louisiana Bar No. 27076
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, A Law Corp.
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:  (504) 568-1990
Fax:  (504) 310-9195
sschmeeckle@lawla.com

and

Marjorie M. Salazar
Louisiana Bar No. 26230
Florida Bar No. 0939021
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, A Law Corp.
801 Travis St., Suite 1800
Houston, TX 77002
Telephone:  (713) 222-1990
Fax:  (713) 222-1996
msalazar@lawla.com

ATTORNEYS FOR DEFENDANTS
THE HANOVER INS. CO. &
THE HANOVER AMERICAN INS. CO.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

/s/ Thomas G. Rohback
Thomas G. Rohback
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 275-8100
Facsimile: (860) 275-8101
trohback@axinn.com