# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

PARKER AUTO BODY, INC., *et al.*,

                      Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, *et al.*,

                      Defendants.

**Case No. 6:14-MD-2557-Orl-31TBS**

**Case No. 6:14-cv-06004-GAP-TBS**

## GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY AND GOVERNMENT EMPLOYEES INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION

In his April 5, 2016 Report and Recommendation ("R&R"), Judge Smith correctly determined that Plaintiffs' unjust enrichment and tortious interference claims against GEICO Casualty Company, GEICO General Insurance Company, GEICO Indemnity Company and Government Employees Insurance Company (collectively, "GEICO") must be dismissed with prejudice for failure to state claims upon which relief could be granted.  *See* Doc. 167.  Plaintiffs' over-length Objections to Magistrate's Report and Recommendation ("Objection") provides no basis for the Court to reject Judge Smith's recommendations.  *See* Doc. 178.[1]  The R&R correctly stated and applied the standard of review for testing the sufficiency of the First Amended Complaint's ("FAC") allegations.  *See* Doc. 119.  Plaintiffs' Objection misunderstands the standard, misstates the R&R's recommendations, misapplies the law of the case doctrine, improperly asserts new allegations and improperly demands the Court conduct Plaintiffs' legal research and answer Plaintiffs' questions.  The Court should overrule Plaintiffs' Objection and adopt the R&R, except as stated in GEICO's Partial Objection To Report and Recommendation And Joinder In Partial Objections, and the objections it joins.  *See* Doc. 171, ("GEICO's Partial Objection").

Judge Smith correctly determined that Plaintiffs allege no facts plausibly suggesting Defendants have been unjustifiably enriched or Plaintiffs have been unjustifiably impoverished, failing to establish several required elements of their unjust enrichment claims.  Judge Smith also rightly concluded that the unjust enrichment claims are barred as a matter of law because alternative remedies are available and that the claims fail because the FAC is a group and shotgun pleading.  *See* R&R at 6-13.  Plaintiffs' Objection identifies no alleged facts correcting these deficiencies or otherwise supporting their unjust enrichment claims against GEICO.

---

[1] Plaintiffs' Objection is forty-one (41) pages longer than Local Rule 3.01 permits and Plaintiffs did not seek leave to exceed the page limit, as required by Local Rule 3.01(d).  *See* L.R. 3.01(a) (a motion or other application for an order may not be "more than twenty-five (25) pages); *see also United States v. Harling*, No. 2:13-CR-96-FTM-38CM, 2014 WL 2805272, at *1 (M.D. Fla. June 20, 2014) (stating that L.R. 3.01(b) applies to objections to report and recommendations).  The Court should not consider Plaintiffs' Objection when deciding whether to adopt the R&R's recommendations.  *See Harling*, 2014 WL 2805272, at *1 ("Ordinarily a document of that length [52 pages] filed without leave to exceed the page limit would be stricken by the Court without further notice . . . .").

Judge Smith also correctly determined that Plaintiffs failed to allege facts that, if true, would establish required elements of their tortious interference claims, such as specific incidents of successful steering. He also concluded that Plaintiffs' tortious interference claims suffer the same shotgun and group pleading that renders their unjust enrichment claims implausible and improperly pled. *See* R&R at 6-13. Plaintiffs' Objection identifies no alleged facts correcting these deficiencies or plausibly suggesting GEICO is liable for tortious interference.

For the reasons stated in Judge Smith's R&R, in GEICO's Motion to Dismiss and below, GEICO requests that the Court adopt the R&R, except as stated in GEICO's Partial Objection.

### I.   JUDGE SMITH CORRECTLY RECOMMENDED DISMISSAL OF PLAINTIFFS' UNJUST ENRICHMENT CLAIMS AGAINST GEICO

#### A.   Plaintiffs Did Not Object To The Dismissal Of Their Unjust Enrichment Claims On The Basis Of Group and Shotgun Pleading

In his R&R, Judge Smith explicitly recommended all of the unjust enrichment claims be dismissed as improper shotgun and group pleadings. R&R at 13; *see also, e.g.*, FAC ¶¶ 556-57, 562 (alleging all Plaintiffs performed services that benefitted all Defendants, all Defendants reserved the right to give permission for each Plaintiff to commence work and Plaintiffs "are entitled to receive payment for the materials and services rendered" from all Defendants). Plaintiffs did not object to this recommendation. *See* Objection at 3-30.

#### B.   Judge Smith Correctly Held That Plaintiffs' Unjust Enrichment Claims Are Barred As A Matter of Law Because Alternative Remedies Are Available

Judge Smith also correctly stated that because "Plaintiffs have already attempted to recover [unjust enrichment] losses by alleging antitrust and tortious interference claims against Defendants[,] [t]hese unsuccessfully pled claims operate to bar unjust enrichment as an alternative cause of action." R&R at 24-25 (citing to *Walters v. MedSouth Record Mgmt., LLC*, 38 So. 3d 241, 242 (La. 2010) and *JP Mack Indus. LLC v. Mosaic Fertilizer, LLC*, 970 F. Supp. 2d 516, 521 (E.D. La. 2013) ("In Louisiana, by law, an unjust enrichment claim is a 'subsidiary claim, not an alternative claim'")). Under Louisiana law, "a potential cause of action under tort or other law precludes a plaintiff from seeking unjust enrichment." *JP Mack Indus. LLC*, 970 F.

Supp. 2d at 521. Besides the potential causes of action Plaintiffs alleged in their FAC, Plaintiffs also have potential remedies under contract with their customers and Defendants. *See* R&R at 24-25; Doc. 123 at 22-24 (discussing Plaintiffs' potential contractual remedies with (1) their customers and (2) Defendants, to the extent they allege DRP agreements between Plaintiffs and Defendants).[2]

None of the cases Plaintiffs cited stand for the proposition that Louisiana courts would permit an unjust enrichment claim when a claimant has multiple potential alternative avenues of recovery. *See Walters,* 38 So. 3d at 242 (unjust enrichment precluded because plaintiff pled negligence and tortious conduct); *Edmonston v. A-Second Mortg. Co. of Slidell, Inc.*, 289 So. 2d 116, 122-23 (La. 1974) (unjust enrichment permitted because plaintiff had no other avenue to seek recovery for a debt paid on behalf of defendant); *Prop. One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170, 175 (M.D. La. 2011) (acknowledging that *Walters* barred unjust enrichment claims from being pled alongside tort claims);[3] *see also* Objection at 16-17 (citing *Walters*, *Edmonston* and *Property One*).

Plaintiffs' argument that there is no overlap between their unjust enrichment and other claims is not supported by their FAC and is simply not plausible. *See* Objection at 16. As Judge Smith correctly observed, there is complete overlap between their claims. *See* R&R at 7 ("Based upon the averments in the first amended complaints . . . I conclude that they intend all of the preceding paragraphs to be included in each count. This means the . . . unjust enrichment counts include the antitrust and tortious interference counts."); *see also* FAC ¶ 563 (not distinguishing between claims, rather, praying generally for "damages for all non-payment and underpayment for work completed on behalf of Defendants' insureds").

---

[2] As stated in GEICO's Motion to Dismiss, "the existence of a claim on an express or implied contract precludes application of the unjust enrichment theory." Doc. 123 at 22 (citing to *Garber v. Badon & Rainer*, 981 So. 2d 92, 100 (La. Ct. App. 2008)).

[3] *See also Zaveri v. Condor Petroleum Corp.*, 27 F. Supp. 3d 695, 701 & n.4 (W.D. La. 2014) ("*Walters* must be read more broadly to bar alternative claims based in either contract law or tort law. . . . Louisiana law, as set out in the Louisiana State Supreme Court's decision in *Walters*, supports the rulings of those federal courts, including this Court, which have held that the availability of another remedy bars a plaintiff's claim for unjust enrichment, regardless of whether the plaintiff prevails in his pursuit of those other remedies.").

Plaintiffs' Objection confirms this overlap by citing paragraphs alleged in support of their antitrust and tortious interference claims to support their claim that they alleged an impoverishment. *See* Objection at 15-16 (citing FAC ¶ 109, which alleges Defendants have engaged in an "ongoing, concerted and combined intentional course of action and conduct to improperly and illegally control and depress automobile damage repair costs," confirming overlap with price fixing claims; citing FAC ¶ 166, which alleges Defendants steer customers to DRP shops, confirming overlap with boycott claims; citing FAC ¶ 554, which alleges that "Plaintiffs have been damaged by the Defendants malicious and intentional actions," confirming overlap with tortious interference claims); *id.* at 25 (claiming unjust enrichment claims seek recovery for Defendants' failure to pay for certain repairs, reducing labor hours and reclassifying refinish operations, confirming overlap with price fixing claims).

### C. Judge Smith Properly Concluded Defendants Were Not Enriched

Judge Smith was also correct to discuss the "enrichment" element of unjust enrichment in terms of "benefit" to the Defendants because Louisiana courts use the terms interchangeably. *See* R&R at 21 (citing *Baker v. Maclay Props. Co.*, 648 So. 2d 888, 897 (La. 1995) ("there must be an enrichment")); *id.* at 22 (citing *Harp v. Lake Providence*, 338 So. 2d 169, 171 (La. Ct. App. 1976) (discussing benefit in context of unjust enrichment claim)). Plaintiffs' objection that "[b]enefit to the defendant is not an element of an unjust enrichment claim under Louisiana law" is contradicted by the cases they cited. *See* Objection at 5, 7 (citing *Harp*, 338 So. 2d at 171 (analyzing whether defendants received a benefit) and *Advanced Logistical Support, Inc. v. Fritz Companies, Inc.*, CIV.A. 02-2979, 2003 WL 21459688, at *12 (E.D. La. June 18, 2003) ("A defendant is enriched where the plaintiff has performed services beneficial to the defendant or satisfied a debt or duty of the defendant.")).[4]

In discussing whether Plaintiffs benefitted Defendants, Judge Smith adopted Plaintiffs'

---

[4] Other cases cited by Plaintiffs also demonstrate a defendant must be enriched by receiving a benefit. *See Transp. Ins. Co. v. Leavines*, 656 So. 2d 720, 721 (La. Ct. App. 1995) *writ denied,* 660 So. 2d 455 (La. 1995) (defendant received benefit of settlement proceeds that belonged to plaintiff); *Marceaux v. Town of Lake Arthur*, 392 So. 2d 783, 784-85 (La. Ct. App. 1980) (defendant town received benefit of plaintiff keeping his fish market open at town's encouragement); Objection at 6 (citing to *Transp. Ins. Co.* and *Marceaux*).

interpretation of Louisiana law, *i.e.*, that the RESTATEMENT (FIRST) OF RESTITUTION, § 1 defines when a benefit is conferred by a person on another. R&R at 22; *see also* Doc. 134 at 51 (Plaintiffs claim that "Louisiana has applied the Restatement of Restitution § 1 to define 'benefit' for purposes of unjust enrichment."). Plaintiffs' claim that the R&R "creates its own definition of 'benefit' without reference to Louisiana law of enrichment" is wrong and disingenuous. Objection at 8. *See Hanger One MLU, Inc. v. Unopened Succession of Rogers*, 981 So. 2d 175, 179 (La. Ct. App. 2008) (stating that under the civil code, a person is enriched when his patrimonial assets increase or his liabilities diminish);[5] *Carter v. Flanagan*, 455 So. 2d 689, 692 (La. Ct. App. 1984) (defendant enriched when plaintiff satisfied defendant's debt); *Cabral v. CIB Investments, Inc.*, 433 So. 2d 897, 899 (La. Ct. App. 1983) (same).[6]

Judge Smith's determination that Plaintiffs pled no facts demonstrating any Defendant was enriched by any Plaintiff is correct. *See* R&R at 22-23 ("The first amended complaints do not allege that Plaintiffs have performed services beneficial to Defendants or satisfied a debt or duty of Defendants."). As Judge Smith stated, Plaintiffs do not allege facts plausibly suggesting they conferred any form of advantage on Defendants: "the only effect of such a repair on the insurance company is the incurring of an obligation to pay for it" that already existed regardless of whether the repair was completed or not. R&R at 23 (citing to *A&E Auto Body, Inc. v. 21st Century Centennial Ins. Co.*, No. 6:14-cv-310-Orl-31TBS, 2015 WL 304048, at *5 (M.D. Fla. Jan. 21, 2015)); *see also* FAC ¶¶ 378-79 (alleging the Defendants would have incurred the obligation to pay exactly the same amount the Defendants allegedly paid the Plaintiffs no matter

---

[5] "In theory, the patrimony of a debtor is the totality of his assets and liabilities which are susceptible of pecuniary evaluation. As a practical matter, the debtor's patrimony consists of assets which are subject to execution for the benefit of a creditor." *Creech v. Capitol Mack, Inc.*, 287 So. 2d 497, 504 (La. 1973). "Liabilities are personal and real obligations, and, in general, claims of creditors against the patrimony of their debtor." 2 La. Civ. L. Treatise, Property § 8:7 (5th ed.).

[6] The R&R is not based on Florida law, as Plaintiffs argue. *See* Objection at 4-6, 14. The R&R discussed and applied Louisiana law as argued by Plaintiffs and found the reasoning in *A&E* applicable under Louisiana law. *See* R&R at 23. References to persuasive authority are proper. *Trahan v. Lafayette Par. Sch. Bd.*, 978 So. 2d 1105, 1109 (La. Ct. App. 2008) *writ denied,* 980 So. 2d 696 (La. 2008) (recognizing persuasive authority as a source of guidance); *see also* R&R at 22 (citing to *Adventist Health Sys./Sunbelt Inc. v. Med. Sav. Ins. Co.*, for the principle that "a third-party providing services to an insured confers nothing on the insurer except, a ripe claim for reimbursement, which is hardly a benefit" and *A&E Auto Body* for the principle that "the only effect of such a repair on the insurance company is the incurring of an obligation to pay for it", *Adventist*, 6:03-CV-1121-ORL-19, 2004 WL 6225293, at *6 (M.D. Fla. Mar. 8, 2004); *A&E Auto Body*, 2015 WL 304048, at *5).

where the repairs were performed).

Notwithstanding Plaintiffs' arguments to the contrary, the R&R also did not create a new unjust enrichment element by discussing "request." *See* R&R at 23; Objection at 10-11 (arguing the R&R created a new element). Consistent with Louisiana law, the R&R suggested that, had a Defendant requested repairs, Plaintiffs may have been able to rely on the request to support a claim they had conferred a benefit on the Defendant. *See* R&R at 23; RESTATEMENT (FIRST) OF RESTITUTION, § 1, cmt b ("[a] person confers a benefit upon another if he . . . performs services beneficial to or at the request of the other . . ."). Plaintiffs' "request" argument concedes Plaintiffs' customers, not Defendants, request their services. Objection at 10-11.[7]

The cases Plaintiffs cited regarding request do not contradict the R&R. *See* Objection at 10-11. In *Wilson v. DeJean* and *Martin v. Bozeman*, the decedents had each requested services from the plaintiffs. 197 So. 2d 134, 136-38 (La. Ct. App.) *writ refused,* 199 So. 2d 917 (La. 1967); 173 So. 2d 382, 383-86 (La. Ct. App. 1965). In *Bossier Par. Sch. Bd. v. Pioneer Credit Recovery, Inc.*, request was not an issue because the defendant clearly received a benefit when it erroneously received an overpayment of garnishment funds. 161 So. 3d 1007, 1009 (La. Ct. App. 2015). In *USA Disaster Discovery, Inc. v. St. Tammany Par. Gov't*, the plaintiff conferred a benefit on defendant by clearing debris after Hurricane Katrina because it was the defendant's obligation to clear debris. 111 So. 3d 425, 427-28 (La. Ct. App. 2012) *writ granted, judgment rev'd sub nom. USA Disaster Recovery, Inc. v. St. Tammany Par. Gov't*, 145 So. 3d 235 (La. 2013). Here, Plaintiffs "do not allege that Plaintiffs have performed services beneficial to Defendants or satisfied a debt or duty of Defendants." R&R at 23; *see also* Objection at 13 ("Defendants are obligated to pay the cost of repairs to the vehicles of their insureds and claimants, not perform the repairs themselves.").

---

[7] Plaintiffs' argument that the R&R conflicts with La. Stat. Ann. § 22:1892 is nonsense. *See* Objection at 12. Plaintiffs do not explain how the statute has any relation to Louisiana's law regarding unjust enrichment. *See id.* Nor do they explain how the R&R "destroys the spirit of the intended protection provided to consumers" under La. Stat. Ann. § 22:1892, which protects insureds, not body shops. *See* Objection at 12; La. Stat. Ann. § 22:1892 (D)(1).

**D. Judge Smith Correctly Determined That Plaintiffs Did Not Plead Facts Demonstrating They Were Impoverished**

Plaintiffs' argument that "reasonable expectation" is not an element of unjust enrichment ignores that Louisiana law requires an impoverishment to be without justification or cause. *See* R&R at 21 (stating elements of unjust enrichment claim) (citing to *Baker*, 648 So. 2d at 897); Objection at 18-19 (arguing "reasonable expectation" is not an element of unjust enrichment).

Because Plaintiffs allege they knew the amounts Defendants would pay for their services before they commenced and completed the work, "any alleged impoverishment resulting from accepting work from Defendants' insureds was undertaken at Plaintiffs' own risk." R&R at 25-26. Judge Smith correctly stated that "impoverishment can be shown 'only when the factual circumstances show that the impoverishment was not a result of the plaintiffs' own fault or negligence *or was not undertaken at [their] own risk*.'" R&R at 24 (citing to *Dorsey v. N. Life Ins. Co.*, CIV.A. No. 04-0342, 2005 WL 2036738, at *23 (E.D. La. Aug. 15, 2005) (emphasis in original)). Plaintiffs cannot be impoverished if they had no reasonable expectation of receiving additional payment from Defendants. *See* R&R at 25; Doc. 123 at 25 ("Plaintiffs fail to demonstrate they had a reasonable expectation of being paid more for the repairs because Plaintiffs agreed to perform the repairs at certain prices and knew that GEICO refused to pay more.").

Plaintiffs also conflate their requirement to plead plausible facts supporting elements of their claim with the question of the appropriate remedy once a defendant has been held liable. *See* Objection at 19-20 (claiming Court cannot dismiss because Louisiana law requires fair payment and the Court does not have enough facts to determine whether compensation was adequate or fair).[8] Unlike here, the plaintiffs in the cases Plaintiffs cited demonstrated an

---

[8] Plaintiffs' statement that "[t]he complaint makes clear Defendants are not paying for the repairs actually rendered" is inaccurate. Objection at 25. The allegations in the FAC demonstrate Plaintiffs knew what Defendants would pay prior to completing the repairs. *See* FAC ¶ 179 ("Defendant insurers compel acceptance of a fixed pricing structure"); ¶ 186 ("Defendants . . . simply refuse to pay more for parts than the cheapest a part can be purchased"); ¶ 192 ("Payment is presented to Plaintiffs on a 'take it or leave it' basis."); ¶¶ 231-32 (alleging Defendants require Plaintiffs to wait to begin repairs until after Defendants prepare a cost estimate); ¶ 236 ("All Defendants assert they will pay no more than the market rate for labor in the market area."); ¶ 272 ("Defendants refuse to pay the posted rates.").

unjustifiable impoverishment. *See Munro v. Carstensen*, 945 So. 2d 961, 967-68 (La. Ct. App. 2006) (reasonable value of goods awarded because defendant promised to, but did not, pay for them); *Gulfstream Services, Inc. v. Hot Energy Services, Inc.*, 907 So. 2d 96, 101-02 (La. Ct. App. 2005) *writ denied,* 904 So. 2d 706 (La. 2005) (turning to measure of compensation only after determining the record supported unjust enrichment claim); *Carter v. Flanagan*, 455 So. 2d 689, 694 (La. Ct. App. 1984) (finding no error in the amount awarded *after* the prerequisites for recovery on the basis of unjust enrichment were found).

Plaintiffs' argument regarding partial payment is also meritless. *See* Objection at 24. Partial payment was not the issue in the only case Plaintiffs cite in support of this argument that involved partial payment, and the plaintiff in that case demonstrated a reasonable expectation of additional payment. *See Fullerton v. Scarecrow Club, Inc.*, 440 So. 2d 945, 950-51 (La. Ct. App. 1983) (terms of an unenforceable contract between the parties properly provided the basis for the reasonable value of materials provided beyond amounts already paid).[9] Here, Defendants allegedly paid the amount Plaintiffs knew they would be paid, not part of that amount. *See* FAC ¶¶ 179, 186, 192, 236 (alleging Plaintiffs knew what Defendants would pay for repairs prior to completing the repairs); R&R at 25 ("Plaintiffs . . . have dealt with Defendants for years and know what Defendants will pay.").

Plaintiffs' affirmative defenses argument is equally meritless. *See* Objection at 20-24. Plaintiffs had to allege plausible facts suggesting an enrichment, an impoverishment, a connection between the enrichment and the impoverishment, an absence of justification for the enrichment and impoverishment and no other remedy at law available. *See* R&R at 21 (citing to *Baker,* 648 So. 2d at 897). The R&R held that Plaintiffs failed to allege plausible facts supporting these elements; it did not rely on any affirmative defense.[10]

---

[9] In *Central Facilities Operating Co., L.L.C. v. Cinemark USA, Inc.*, the defendant had paid nothing and did not contest the plaintiff's "ability to satisfy the requirements for an unjust enrichment claim."  36 F. Supp. 3d 700, 704, 708 (M.D. La. 2014).  *O'Keefe v. Breaux Mart Gen. Meyers, Inc.* was not decided on unjust enrichment.  499 So. 2d 598, 602 (La. Ct. App. 1986) *writ denied,* 503 So. 2d 22 (La. 1987) (parties subject to binding lease).

[10] Assuming *arguendo* the Court had relied upon an affirmative defense to excuse GEICO's conduct (*i.e.*, telling Plaintiffs how much it would pay and then paying that amount), the Court may do so if the alleged facts appear in

Notwithstanding Plaintiffs' argument to the contrary, the R&R also did not state that entering into a contract was a necessary element of an unjust enrichment claim. *See* Objection at 26-30. Instead, the R&R identified that, because Plaintiffs have choices, such as negotiating higher prices, entering into a contract or refusing to perform repairs at the known rates, retention of any purported benefit could not be deemed an "impoverishment." *See* R&R at 26.[11] Plaintiffs did not allege facts plausibly suggesting they were forced or legally obligated to perform repairs, but instead concede they could have refused to perform repairs. *See, e.g.*, FAC ¶ 191.

Plaintiffs' economic coercion argument is "nonsensical." *See Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-CV-06016-GAP-TBS, 2015 WL 7568213, at *5 (M.D. Fla. Nov. 25, 2015) ("The Plaintiffs are arguing (1) that what they feared losing was not money but the ability to perform repairs on insured vehicles, and (2) that receiving compensation paid by insurance companies was not the benefit they received but rather the burden they shouldered to be able to continue performing repairs on insured vehicles. In actuality, the Plaintiffs admit throughout the Amended Complaint that they accepted what they believed to be suppressed compensation because if they refused to work that cheaply, some other repair shop would get the work. This is not the sort of fear of economic loss that can support an extortion claim.") (footnote omitted). Judge Smith is correct that Plaintiffs' alleged ability to negotiate or refuse to perform the work supports the finding that Plaintiffs' FAC does not allege facts plausibly suggesting Plaintiffs had a reasonable expectation of payment over the amounts they received from Defendants.

## II.   JUDGE SMITH CORRECTLY RECOMMENDED DISMISSAL OF PLAINTIFFS' TORTIOUS INTERFERENCE CLAIMS AGAINST GEICO

---

the FAC. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) ("A complaint may be dismissed if an affirmative defense . . . appears on the face of the complaint.").

[11] Plaintiffs' claim that they can set their own prices is irrelevant. *See* Objection at 29. Plaintiffs can set whatever price they want to, but their setting of a price does not mean the market (or any Defendant) will be willing to pay that price or has to pay that price.

### A. Plaintiffs Do Not Dispute That They Cannot Allege One Completed "Steering" Attempt By GEICO

Judge Smith correctly determined that the FAC does not contain any allegations of GEICO actually steering a customer from any Plaintiff. *See* R&R at 14-15. Judge Smith further correctly determined that "[s]ince Louisiana law requires a plaintiff to show that a defendant prevented the plaintiff from doing business with an identifiable third party, the first amended complaints fail to state a tortious interference claim against [GEICO]." R&R at 15. In their Objection, Plaintiffs do not dispute they cannot allege a successful steering attempt by GEICO. *See* Objection at 33-35. Instead, Plaintiffs argue that "[o]nly the Defendants have full, specific knowledge of the extent and success of their interference." Objection at 33. As Judge Smith correctly noted, "Plaintiffs' argument might be persuasive if they had alleged even one instance where each Plaintiff lost a customer due to steering by a Defendant." R&R at 15. Plaintiffs' failure to allege successful steering is fatal to their claims.

Plaintiffs' five pages of new allegations – set forth in the Objection for the first time – do not save their claims against GEICO. *See* Objection at 35-39. Plaintiffs' inclusion of these new allegations is improper and the Court should not consider them. *See Bruhl v. Price Waterhousecoopers Int'l*, No. 03–23044–Civ–MARRA, 2007 WL 997362, at *4 (S.D. Fla. Mar. 27, 2007) ("The Plaintiffs cannot supplant the allegations of the [complaint] with new arguments set forth in their response to a motion to dismiss."); *Walker v. City of Orlando*, No. 07–651, 2007 WL 1839431, at *5 (M.D. Fla. Jun. 26, 2007) (limiting consideration to the allegations in the complaint, even when new allegations were raised in response to a Motion to Dismiss); *United Student Aid Funds, Inc. v. Gary's Grading & Landscaping*, 6:07CV1140-ORL-19DAB, 2009 WL 161711, at *6 (M.D. Fla. Jan. 21, 2009) (representations made in an objection are not evidence); *Eze v. Am. Equip. Leasing, LLC*, 6:11-CV-1213-ORL-22, 2011 WL 4481436, at *3 (M.D. Fla. Sept. 27, 2011) (declining to consider income figures provided for the first time in objection); Fed. R. Civ. P. 15 (prescribing method to amend complaint). Regardless, the only mention of GEICO in these new allegations is an unsuccessful steering attempt. *See* Objection at 39 (customer persisted and took her car to Plaintiff Bobby's Paint & Body).

### B. Judge Smith Correctly Held That Plaintiffs' Continued Reliance On Generalized, Shotgun and Group-Pleading Fails To State A Claim

Plaintiffs' group and shotgun pled tortious interference claims do not provide Defendants notice of who allegedly interfered with whom, what malicious interference allegedly occurred, or what damages Plaintiffs allegedly incurred. *See* FAC ¶ 545 (stating generally "Defendants have repeatedly engaged in malicious actions and a course of conduct designed to interfere with and intentionally injure the Plaintiffs' business relations . . ."). Judge Smith correctly concluded the claims fail on this basis. *See* R&R at 6-13.[12]

Plaintiffs incorrectly state Judge Smith weighed the credibility of the facts asserted in the FAC. *See* Objection at 60-63. What Judge Smith found "not plausible" was Plaintiffs' group pleading and Plaintiffs' argument that "every Defendant made the same statements to every prospective customer, or that every customer who elected to sue one of Defendants' preferred shops was unlawfully steered by a Defendant." R&R at 12-13. Trial courts may evaluate the *plausibility* of plaintiffs' arguments in deciding whether allegations plausibly state a claim. *See, e.g.*, *Twombly*, 550 U.S. at 556 ("Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence . . . .").

### C. Judge Smith Applied The Correct Standard Of Review

The R&R correctly applied *Twombly*, *Iqbal* and Rule 8 in assessing whether Plaintiffs' FAC stated a claim against GEICO.[13] *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. In

---

[12] Plaintiffs' unsupported argument that their FAC, including their tortious interference claim, is not shotgun pled is incredible. *See* Objection at 54-57. Judge Smith's observations regarding shotgun pleading were spot on. *See* R&R at 6-13. Neither Plaintiffs' Response to GEICO's Motion to Dismiss nor their Objection reflects Plaintiffs' intention that their tortious interference claims rely only on paragraphs 543-554 of their FAC. Even if this is what they intended, the conclusory allegations of 543 through 554 say nothing about GEICO and do not meet the requirements of Rule 8, *Twombly* and *Iqbal*. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*").

[13] Although it is unnecessary because Plaintiffs' tortious interference claims do not meet Rule 8 standards, the Court could (and should) apply Rule 9(b) in analyzing the sufficiency of Plaintiffs' claims because of the core nature of the allegations. Plaintiffs' tortious interference claims are purportedly based on allegations that Defendants make misleading and false statements to steer prospective customers from Plaintiffs' shops. *See* FAC ¶ 546. Even though tortious interference is not labeled "fraud," if it rests on alleged misrepresentations, it "sounds in fraud" bringing it within the requirements of Rule 9(b). *See Cordell Consultant, Inc. Money Purchase Plan & Trust v. Abbott*, 561 Fed. App'x. 882, 884 (11th Cir. 2014) (citing *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1064–65 (11th Cir. 2007)) (holding Rule 9(b) applies to claims that "sound in fraud"); *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502 (7th Cir. 2007) (holding that Rule 9(b) applies to a tortious interference claim based on alleged fraudulent conduct). Plaintiffs' Objection concedes their tortious interference claims rely on alleged false statements made by

stating that "at a minimum, Plaintiffs should allege sufficient facts specific to each Defendant . . . to tie that Defendant to the wrongdoing alleged," Judge Smith was not applying a Rule 9(b) standard, as Plaintiffs claim, but requiring Plaintiffs to plead plausible facts supporting each element of their claims against each Defendant. *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007) ("The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. . . . It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'") (quoting *Twombly*) (alterations in original); Objection at 30-45 (claiming the R&R applied the wrong pleading standard).

The R&R was correct that "material variations in the facts pertaining to each customer Plaintiffs believe was successfully steered by a Defendant" demonstrates the overbreadth and implausibility of Plaintiffs' claims. *See* R&R at 12. "[T]he lumping together of separate and unrelated conduct does not put Defendants on notice of the grounds for the claims against them." *Id.* Plaintiffs' claim that the R&R created a uniformity element misunderstands Judge Smith's observation. *See* Objection at 45-48. The R&R's point follows the R&R's statement regarding the "lack of facts to support their generalized allegations." *See* R&R at 15.

The cases cited by Plaintiffs asserted claims against only one or two defendants and alleged specific conduct or a single, uniform course of conduct. *See A & R Body Specialty*, No. 3:07-cv-0929 (WWE), 2013 WL 718622, at * 1 (D. Conn Feb. 27, 2013) (defendants allegedly "inform their insureds and claimants . . . that they will not conduct business with non-DRP shops"); *Price's Collision Ctr., LLC v. Progressive Hawaii Ins. Corp.*, 3:12-00873, 2013 WL 5782926, at *1 (M.D. Tenn. Oct. 28, 2013) (allegations specific to one plaintiff and one defendant and articulated with some detail); *M.V.B. Collision, Inc. v. Allstate Ins. Co.*, 728 F. Supp. 2d 205 (E.D.N.Y. 2010) (examples of the sole defendant totaling cars instead of repairing

---

the Defendants on which the Defendants intended their customers to rely. *See, e.g.*, Objection at 32. Rule 9(b) applies to Plaintiffs' tortious interference claims.

them solely to injure plaintiff alleged). Plaintiffs claim the allegations of tortious interference in *Kirby's Spectrum Collision, Inc. v. Government Employees Insurance Company* "were permitted to go forward," but they cite no opinion denying a motion to dismiss. *See* Objection at 41-42. No motion to dismiss the tortious interference claim was filed in that case. Instead, GEICO obtained summary judgment on the tortious interference claim:

> In short, the Court finds that defendant is entitled to summary judgment on the tortious interference with business relationships cause of action because plaintiff has failed to meet its burden of showing that GEICO was a stranger to the relationships with which it allegedly interfered. Moreover, the evidence of interference on which plaintiff's claim hinges consists in large part of such non-sinister conduct as GEICO merely instructing customers to take their vehicles to an ARX shop for inspection and explaining to them the benefits of the ARX Program, none of which amounts to inappropriate interference. This is particularly so given plaintiff's failure to identify a single customer who switched from Spectrum to the ARX shop based on that type of alleged conduct.

*Kirby's Spectrum Collision, Inc. v. Gov't Employees Ins. Co.*, 744 F. Supp. 2d 1220, 1238 (S.D. Ala. 2010).

### D. The Law Of The Case Does Not Apply And Judge Smith Did Not Violate It

Plaintiffs claim the R&R conflicts with the previous Report and Recommendation in this case ("First R&R"), violating the law of the case. Objection at 1-3; *see also* Doc. 109 (the First R&R). Plaintiffs are wrong. The First R&R recommended dismissal of Plaintiffs' tortious interference claims based on the same pleading defects. *See* Doc. 109 at 16; *see also* Order at Doc. 118 ("As for the tortious interference claim, Magistrate Judge Smith concluded that the generalized nature of the Plaintiffs' contentions does not satisfy the applicable pleading standard, which requires facts showing that the Defendants prevented identifiable third parties from entering into a business relationship with any Plaintiff.").

Even assuming *arguendo* the R&R and First R&R are inconsistent (they are not), the law of the case doctrine would not apply. *See* Objection at 1-3 (claiming law of the case). "Ordinarily [the] law of the case applies only where there has been a final judgment and not to interlocutory rulings." *Gregg v. U.S. Indus., Inc.*, 715 F.2d 1522, 1530 (11th Cir.) *decision clarified on reh'g sub nom. Gregg v. U.S. Indus., Inc. (Two Cases)*, 721 F.2d 345 (11th Cir.

1983) (directed verdict ordered before mistrial by one judge did not bind the judge to whom the case was assigned for a new trial); *see also U.S. v. U.S. Smelting Ref. & Min. Co.*, 339 U.S. 186, 199 (1950) (holding "it requires a final judgment to sustain the application of the rule of the law of the case" and the "'law of the case' is only a discretionary rule of practice").  The First R&R was an interlocutory ruling, so "law of the case" does not apply.[14]  The FAC also has different allegations than the Complaint and the Court has *not* previously decided whether the FAC's allegations are plausible.  *Compare* Doc. 1 *with* Doc. 119; *see also U. S. Smelting*, 339 U.S. at 198 ("The rule of the law of the case is a rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter.").[15]

Plaintiffs' claim that the Court determined Plaintiffs' failure to set out specific business relationships was "the only purported deficiency" in the Complaint is wrong.  *See* Objection at 1.  The Court specifically stated "[a] general allegation that some unidentified Defendants – or all Defendants – interference with some unidentified customers of some unnamed Plaintiff does not satisfy the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)."  Doc. 118 at 3.  Plaintiffs' tortious interference claims were previously dismissed for failure to state a claim for the same reasons Judge Smith recommends their dismissal now.  Plaintiffs' failure to understand a dismissal order is not an inconsistency between the two R&R's.

### III.     PLAINTIFFS' DEMANDS ON THE COURT ARE IMPROPER

Plaintiffs' Objection concludes with two pages of demands on the Court.  *See* Objection at 65-66.  The Court has repeatedly identified the standard it must apply when testing the sufficiency of the allegations in Plaintiffs' complaint.  *See, e.g.*, Doc. 109; Doc.118; Doc. 167.  The standard does not require the Court to identify every problem with Plaintiffs' FAC, to clarify

---

[14] The cases Plaintiffs cited in support of their "law of the case" argument are inapposite because they involved appealable orders, not pleadings dismissed without prejudice that were later re-pled. *See Royal Ins. Co. v. Latin Am. Aviation Services, Inc.*, 210 F.3d 1348, 1350 (11th Cir. 2000) (initial determination made during bench trial regarding definition of a specific term); *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) (initial determination made during lower court ruling that was not challenged on appeal).

[15] Even if the doctrine applied (it does not), at most, it would leave the decision up to the Court's discretion and would not, as Plaintiffs argue, prevent this Court from considering the plausibility of Plaintiffs' newly-pled allegations. *U.S. Smelting*, 339 U.S. at 199 (holding "'law of the case' is only a discretionary rule of practice").

each of Plaintiffs' misstatements of law, to perform Plaintiffs' legal research, or to cure Plaintiffs' attorneys' inability to understand the standard or the Court's orders applying the standard to Plaintiffs' pleadings. As with their Complaint, the Court could simply dismiss Plaintiffs' unjust enrichment and tortious interference claims because the FAC continues to be a prohibited shotgun and group pleading. The Court should adopt the R&R, except as identified in GEICO's Partial Objection, and dismiss all of Plaintiffs' unjust enrichment and tortious interference claims against GEICO with prejudice.

DATED this 9th day of May, 2016.

         LEWIS ROCA ROTHGERBER CHRISTIE LLP

         By: */s/ Dan. W. Goldfine*
           Dan W. Goldfine
           Joshua Grabel
           Jamie L. Halavais
           Ian M. Fischer
           201 E. Washington Street, Suite 1200
           Phoenix, Arizona  85004
           Telephone: 602-262-5392
           Facsimile:  602-262-5747
           Email: dgoldfine@lrrc.com
              jgrabel@lrrc.com
              jhalavais@lrrc.com
              ifischer@lrrc.com

           Attorneys for Defendants GEICO Casualty Company, GEICO General Insurance Company, GEICO Indemnity Company and Government Employees Insurance Company

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of May, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

                                                    */s/ Dan W. Goldfine*
                                                    Dan W. Goldfine