THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

| | |
|---|---|
| PARKER AUTO BODY, INC., *et al.*, | * |
| | * |
| PLAINTIFFS, | * MDL Docket No. 2557 |
| | * |
| v. | * Case No. 6:14-cv-06004-GAP-TBS |
| | * |
| STATE FARM MUTUAL AUTOMOBILE | * Originally filed in the Western District |
| INSURANCE COMPANY, *et al.*, | * of Louisiana |
| | * |
| DEFENDANTS. | * |

**CERTAIN DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS
TO MAGISTRATE'S REPORT AND RECOMMENDATION**

Certain Defendants, by and through their undersigned counsel, pursuant to M.D. Fla.

R. 6.02, respectfully submit this Response to Plaintiffs' Objections to the Magistrate's Report

and Recommendation ("Objection") (Doc. 177). The Defendants who have joined in this

Response are listed in **Exhibit A,** attached hereto.

**MEMORANDUM OF LAW**

**I.     INTRODUCTION**

Magistrate Judge Smith's Report and Recommendation ("R&R") (Doc. 167) on

questions of state law recommends dismissal of all of the state law claims alleged in the First

Amended Complaint ("FAC") (Doc. 119), with the exception of three specific tortious

interference claims based upon allegations regarding specific insureds.[1] (Doc. 167 at 17-18,

20-21,28.)   Plaintiffs object to Judge Smith's recommendation that their other tortious

---

[1] One of these three tortious interference claims is alleged against State Farm, one against
Progressive, and one against Louisiana Farm Bureau. State Farm, Progressive, and Louisiana Farm
Bureau have filed partial objections to the Magistrate Judge's Report and Recommendation regarding
the three claims at issue. (*See* Doc. 169 (State Farm); Doc. 168 (Progressive); Doc. 170 (Louisiana
Farm Bureau).)

interference claims be dismissed with prejudice, as well as to the recommended dismissal with prejudice of their unjust enrichment claim. (*See* Doc. 177 at 3-4, 30-31.)

Plaintiffs' grossly over-length 66-page Objection mischaracterizes the R&R's recommendations, fundamental pleading standards, and pertinent provisions of Louisiana law.[2] In addition, in their Objection, Plaintiffs demand that, if it rules against Plaintiffs, the Court should furnish authority under Louisiana and federal law for some 19 propositions. (*See* Doc. 177 at 65-66.) As shown below, Plaintiffs' propositions are tendentious and argumentative, are unconnected by Plaintiffs to specific rulings by the Magistrate Judge, and misstate the issues and the grounds given by Judge Smith for his conclusions.

Rather than make improper demands on the Court, it was incumbent upon Plaintiffs to provide authorities and analysis supporting their disagreement with Judge Smith's recommendations. As discussed below in Defendants' analysis of Plaintiffs' claims and contentions, Plaintiffs' list of demands merely underscores their inability to argue their case and their lack of success in finding supporting case law. Plaintiffs impermissibly ask the Court to do their work for them. Furthermore, Plaintiffs' demand that the Court find authorities for specific propositions of law misunderstands the role and authority of a federal district court on ruling on issues of state law that come before it. Plaintiffs brought their suit in federal court. Contrary to the implications of Plaintiffs' demand, the tasks involved in analyzing Louisiana case law and other authorities and applying them to the specific allegations made by Plaintiffs in this case are well within the province of this Court. *See* 19 Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 4507 (2d ed.).

---

[2] At 66 pages, Plaintiffs' Objection is 46 pages over the length allowed by the Local Rules. *See* L.R. 3.01(b). Simultaneously herewith, Defendants have filed a motion to strike the Objection.

In short, Plaintiffs' Objection to the Magistrate Judge's R&R is entirely without merit.   Accordingly, Defendants respectfully submit that Plaintiffs' Objection should be overruled and that the Court should issue an order adopting the Magistrate Judge's R&R in part, rejecting those portions of the R&R that recommend against dismissal of certain of Plaintiffs' tortious interference claims, and dismissing all of Plaintiffs' state law claims with prejudice.

## II.   STANDARDS FOR DISMISSAL UNDER RULE 12(B)(6) AND FOR REVIEW OF OBJECTIONS

The Magistrate Judge correctly set out the established standard for dismissal of a complaint under Rule 12(b)(6).  (*See* Doc. 167 at 5-6.)  To avoid dismissal, "'the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff's complaint should be dismissed.'" *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Plausibility "requires pleading 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1264-65 (11th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complaint "must plausibly establish each element of the cause of action" alleged.  *Hogan v. Provident Life & Accident Ins. Co.*, 665 F. Supp. 2d 1273, 1286 (M.D. Fla. 2009).  If a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

"'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327,

1333 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

The Court conducts a *de novo* review of objections to a Magistrate Judge's report and recommendations. *See* 28 U.S.C. § 636(b)(1)(B); *United States v. Raddatz*, 447 U.S. 667, 674 (1980); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").  "In the absence of specific objections, there is no requirement that a district judge review factual findings de novo." *Breidell v. Colvin*, 2013 WL 1686156, at *1 (M.D. Fla. Apr. 18, 2013). "The district judge reviews legal conclusions de novo, even in the absence of an objection." *Id.*

### III.   MAGISTRATE JUDGE SMITH'S RECOMMENDATION ON PLAINTIFFS' CLAIMS OF TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS (COUNT THREE) SHOULD BE ADOPTED TO THE EXTENT IT RECOMMENDS DISMISSAL OF THOSE CLAIMS

Judge Smith correctly recommended dismissal with prejudice of the majority of Plaintiffs' tortious interference claims, finding that those claims were still based on conclusory, generalized allegations and group pleading.  (Doc. 167 at 6-13, 15, 21.)  Judge Smith also recommended dismissal with prejudice of most of Plaintiffs' more specific claims in which customers, Plaintiffs, and Defendants were identified.   As Judge Smith held, dismissal of those claims was warranted where those claims did not allege successful steering.  (*Id.* at 15-17.)

Plaintiffs now argue (i) that they are allowed to use group pleading; and (ii) that the Magistrate Judge erred in rejecting their other arguments that tortious interference was

sufficiently pled.   As shown below, Plaintiffs' objections on both these grounds are erroneous as a matter of law.

### A.       Plaintiffs Continue to Rely on Impermissible Group Pleading.

In the R&R, Judge Smith found that Plaintiffs' tortious interference claim is still an example of "improper shotgun and group pleadings."  (Doc. 167 at 13.)   Judge Smith explained that "[w]ith a handful of exceptions, Plaintiffs lump themselves together in one group and Defendants in another group so as to allege that every Defendant committed every violation of law against every Plaintiff."  (*Id.* at 8.)   Judge Smith stated that "the lumping together of separate and unrelated conduct does not put Defendants on notice of the grounds for the claims against them."  (*Id.* at 12.)  Judge Smith concluded that "it is not plausible to believe every Defendant made the same statements to every prospective customer, or that every customer who elected to use one of Defendants' preferred shops was unlawfully steered by a Defendant." (*Id.* at 12-13.)

In their Objection, Plaintiffs contend that their group pleading is permissible and that Judge Smith erred in finding that "the complaint fails to give each defendant notice of the claims against them."  (Doc. 177 at 58-59.)  Plaintiffs' contentions that group pleading is permissible are directly contrary to this Court's earlier decision (Doc. 109 at 14-16, *adopted*, Doc. 118) dismissing the tortious interference claims in Plaintiffs' Original Complaint (Doc. 1).  As the Court found, Plaintiffs' "generalized," conclusory allegations could not support a tortious interference claim and were manifestly inadequate under basic pleading standards. (Doc. 109 at 13-16.)   The  Court stated that "Plaintiffs have not alleged facts showing that Defendants 'prevented' any identifiable third party from entering into a business relationship

with any Plaintiff that would have been consummated but for the interference" and that Plaintiffs had alleged only "generalized interference in [their] business interests." (*Id.* at 16.) As the Court made clear, "[a] general allegation that some unidentified Defendants – or all Defendants – interfered with some unidentified customers of some unnamed Plaintiff does not satisfy the requirements of *Aschroft v. Iqbal*, 556 U.S. 662 (2009)." (Doc. 118 at 3.)

Despite the Court's clear admonitions, Plaintiffs in the FAC continue by and large to rely impermissibly on generalized statements that do not disclose which Defendant is alleged to have committed what acts in purportedly unlawfully diverting which Plaintiff's customers. The inadequacy of this manner of pleading is underscored by Plaintiffs' allegations with respect to a small number of customers, some of whom were allegedly "steered" by Defendants to DRPs. Of the 40 Plaintiff body shops, only 5 are included among the FAC's purported individual examples of allegedly improper "steering." (*See* FAC ¶¶ 349-73; Exhibit B to Motion to Dismiss (Doc. 125-2).) Moreover, of the 57 Defendant insurers, only 6 are included as having purportedly engaged in improper "steering," and many of the alleged instances were unsuccessful. (*See id.*; Doc. 167 at 16.) Furthermore, the allegations regarding these individual transactions vary significantly, demonstrating that Plaintiffs' generalized allegations cannot apply across the board to all Defendants and to all of Plaintiffs' transactions with Defendants' insureds. Accordingly, all tortious interference claims not sufficiently supported by specific allegations by a Plaintiff against a Defendant should be dismissed with prejudice.

None of the cases cited by Plaintiffs in their Objection support the kind and scale of group pleading in which Plaintiffs have engaged. For example, *Jackson v. Bank of Am., NA,*

578 F. App'x 856 (11th Cir. 2014), involved a single plaintiff property owner suing three defendants (the bank that was the successor assignee of the security deed and note securing the property, successor's foreclosure counsel, and a real estate broker) on a single claim of wrongful foreclosure.  It was in that context that the court held that "[a]lthough no specific allegations were made against [foreclosure counsel] alone, we may construe the wrongful foreclosure allegations as being asserted against [foreclosure counsel], particularly when they concern actions that [foreclosure counsel] either did or did not take on [the bank's] behalf." *Id.* at 860.  Nothing in *Jackson* authorizes group pleading by numerous plaintiffs against numerous defendants based on numerous and separate transactions.

Plaintiffs' other cited cases also involve small numbers of plaintiffs and interrelated defendants and do not support Plaintiffs' group pleading here.  *See* Doc. 177 at 58 (citing *Crespo v. Coldwell Banker Mortg.*, 599 F. App'x 868, 872 (11th Cir. 2014) (husband and wife plaintiffs brought a fraud claim based upon defendants' foreclosure on their home; the four defendants were lender, assignees, and law firm involved in the foreclosure); *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (three joint landowners sued owner and prior owner of adjacent land for nuisance caused by escape of gasoline from defendants' property to plaintiffs' property); *Carl's Furniture, Inc. v. APJL Consulting, LLC*, 2015 WL 1467726, at *5 (S.D. Fla. Mar. 30, 2015) (single plaintiff, a seller of furniture, sued the company it had hired to conduct sales and auctions of plaintiff's merchandise, in connection with closing of three of plaintiff's stores; plaintiff also sued three of the defendant company's employees who were involved in the sales and auctions); *Sprint Solutions, Inc. v. Cell Xchange, Inc.*, 2015 WL 1001272, at *2 (M.D. Fla. Mar. 6, 2015) (wireless communications services

provider and affiliate sued six individual defendants and their three businesses who allegedly participated in a scheme to acquire and resell plaintiffs' phones); *Sprint Solutions, Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1227 (S.D. Fla. 2014) (wireless communications services provider and affiliate sued two defendants for deceptive business practices involving resale of plaintiffs' phones); *Toback v. GNC Holdings, Inc.*, 2013 WL 5206103, at *2 (S.D. Fla. Sept. 13, 2013) (plaintiff sued three affiliated corporate entities for violations of the Florida Deceptive and Unfair Trade Practices Act in connection with nutritional supplement).)

As noted above, in dismissing the Original Complaint, this Court ruled that "Plaintiffs have not alleged facts showing that Defendants 'prevented' any identifiable third party from entering into a business relationship with any Plaintiff" and that Plaintiffs had alleged only "generalized interference in [their] business interests." (Doc. 109 at 16.) Given Plaintiffs' failure in the FAC to heed the Court's admonitions, the Magistrate Judge was correct in recommending that all tortious interference claims not sufficiently supported by specific allegations by a Plaintiff against a Defendant should be dismissed with prejudice.

**B.      Plaintiffs' Other Objections to the Magistrate Judge's R&R Regarding Their Tortious Interference Claims Are Without Merit.**

Plaintiffs' other arguments concerning the Magistrate Judge's R&R as to their tortious interference claims are unfounded. Under Louisiana law, as the Magistrate Judge correctly observed, "[t]he plaintiff 'must show that the [defendant] actually prevented him from having dealings with an identifiable third party.'" (Doc. 167 at 13 (quoting *Allstate Ins. Co. v. Cmty. Health Ctr., Inc.*, 2014 WL 1689701, at *30-31 (M.D. La. Apr. 29, 2014), *rev'd on other grounds*, 605 F. App'x 269 (5th Cir. 2015).) "'[I]t is not enough to allege that a defendant's actions affected plaintiff's business interests; the plaintiff must allege that the

defendant actually prevented the plaintiff from dealing with a third party.'" (*Id.* (quoting *Bogues v. La. Energy Consultants, Inc.*, 71 So. 3d 1128, 1135 (La. Ct. App. 2011))).[3]

In the R&R, with regard to Plaintiffs' allegations of tortious interference based upon transactions with specific insureds/customers, the Magistrate Judge found that many of those alleged examples of "steering" were unsuccessful and properly recommended dismissal of those claims.[4]   (Doc. 167 at 16.)   Contrary to Plaintiffs' implications in their Objection, Plaintiffs' allegations of Defendants' "failed attempts to interfere" do not demonstrate that there must be some successful interference out there. (*See Id*. 177 at 34.)   Plaintiffs do not and cannot cite any case that holds that they are entitled to proceed with their tortious interference claims based on allegations of unsuccessful attempts to interfere.

Plaintiffs improperly claim that "law of the case" is somehow violated because the R&R recommending dismissal of Plaintiffs' Original Complaint purportedly identified only one problem with Plaintiffs' tortious interference claim, namely, "failing to set out specific business relationships with which the Defendants interfered," and "did not mention problems with group pleading, shotgun pleading, or any other matter raised for the first time in the current Report and Recommendation."   (Doc. 177 at 1.)   In fact, this Court's Order dismissing Plaintiffs' Original Complaint made clear the impropriety of Plaintiffs'

---

[3] Accordingly, "Louisiana courts have dismissed a plaintiff's claim where the complaint failed 'to set forth specific facts to show that [the defendant] improperly influenced any identifiable consumer … or other third parties to prevent them from doing business with [the plaintiff].'"   (Doc. 167 at 13-14 (quoting *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 2014 WL 6674034, at *10 (M.D. La. 2014)) (alterations in original)).

[4] As Judge Smith correctly noted, "[b]ecause Louisiana law requires that the defendant succeed before the conduct is actionable, incidents of unsuccessful steering fail to state a claim." (Doc. 167 at 16.) "Moreover, if an attempt at steering is unsuccessful, then the Plaintiff does not lose the business, and has no damages." *Id.*; *see also Henderson v. Bailey Bark Materials*, 116 So. 3d 30, 37 (La. Ct. App. 2013) (defendant must have "actually prevented the plaintiff from dealing with a third party").

107418199.1

generalized, group pleading, stating that "[a] general allegation that some unidentified Defendants – or all Defendants – interfered with some unidentified customers of some unnamed Plaintiff does not satisfy the requirements of *Ashcroft v. Iqbal* ...." (Doc. 118 at 3.) Despite their assertions that their "amended complaint did exactly as directed" (Doc. 177 at 3), Plaintiffs have provided only a small "sample" of supposed tortious interference with specific customers of specific Plaintiffs, including, as noted above, only 6 of the 57 Defendants and only 5 of the 40 Plaintiffs.  That does not constitute following the Court's directions.  There is no law of the case permitting the pleading practices by Plaintiffs that Judge Smith now again correctly holds improper and insufficient to state a claim. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (rejecting complaint that was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants"). Plaintiffs' unfounded and scandalous suggestions that Judge Smith's R&R represents a "breach of the court's integrity" because it ignores the law of the case (Doc. 177 at 2-3) warrant reprimand from the Court.

Plaintiffs' assertions that in the FAC they now "aver each Defendant engaged in conduct constituting tortious interference when a consumer identified a Plaintiff as the repair shop chosen to perform repairs" and that "[t]he amended complaint makes clear that each Defendant engaged in this interference with respect to each Plaintiff, when a Plaintiff was identified as the chosen repair facility" (*id.* at 3), only underscore Plaintiffs' continued insistence on engaging in generalized pleading without sufficient facts to plead a plausible claim against any Defendant.  Contrary to Plaintiffs' contentions, the Court is not required to accept such generalized pleadings as true in ruling on Defendants' motion to dismiss.  The

lack of plausibility in these generalized allegations is further underscored by the dissimilarities in Plaintiffs' allegations with respect to a limited number of individual transactions.  As the Magistrate Judge observed, these alleged individual transactions do not bear out Plaintiffs' assertions that every Defendant engaged in the same conduct with respect to each Plaintiffs' customers. (*See* Doc. 167 at 12.)[5]

In their Objection, Plaintiffs include five pages of alleged "[f]urther examples of Defendants' conduct," which Plaintiffs concede are not contained in the FAC.  (Doc. 177 at 35-39.)  Plaintiffs' attempted reliance on these new allegations is impermissible and should not be considered by the Court in ruling on the adequacy of the FAC.  It is well settled that a plaintiff "may not amend his complaint through new allegations raised when responding to a motion to dismiss." *Wennersten v. Commercial Divers Servs., N.A., Inc.*, 2012 WL 3230419, at *1 n.1 (S.D. Fla. Aug. 6, 2012); *see also Brahim v. Holder*, 2014 WL 2918598, at *4 (S.D. Fla. June 26, 2014) ("[i]t is axiomatic that a plaintiff may not amend his complaint in a response to a motion to dismiss"); *Bruhl v. Price Waterhousecoopers Int'l*, 2007 WL 997362, at *4 (S.D. Fla. Mar. 27, 2007) ("Plaintiffs cannot supplant the allegations of the [complaint]

---

[5] Plaintiffs rely on *Price's Collision Center, LLC v. Progressive Hawaii Insurance Corp.*, 2013 WL 5782926 (M.D. Tenn. Oct. 28, 2013), which did not involve the type of impermissible group, shotgun pleading which Magistrate Judge Smith and this Court have correctly criticized Plaintiffs for engaging in here.  Rather, that case involved a single plaintiff suing a single defendant for tortious interference based on allegations that were necessarily more specific to the defendant than Plaintiffs' generalized, conclusory group allegations in the FAC.  *See id.* at *1, 4-5.  Similarly, *M.V.B. Collision, Inc. v. Allstate Insurance Co.*, 728 F. Supp. 2d 205 (E.D.N.Y. 2010), cited by Plaintiffs, is inapposite because that case involved a single plaintiff body shop suing a single insurer and was decided in the context of a summary judgment motion. Likewise, contrary to Plaintiffs' contentions, *Kirby's Spectrum Collision, Inc. v. Government Employees Insurance Co.*, did not involve a motion to dismiss but rather a summary judgment motion that was granted in favor of GEICO on the single plaintiff's tortious interference claim. *See Kirby's Spectrum Collision*, 744 F. Supp. 2d 1220, 1238 (S.D. Ala. 2010).

with new arguments set forth in their response to a motion to dismiss"); *Walker v. City of Orlando*, 2007 WL 1839431, at *5 (M.D. Fla. June 26, 2007) (limiting consideration to the allegations contained in the complaint, even when new allegations were raised in response to a motion to dismiss).

Finally, in the FAC and in their Objection, Plaintiffs attempt to avoid dismissal of their tortious interference claim by asserting they need discovery. (*See* FAC ¶ 376 (contending that "[t]here is . . . sufficient evidence of both successful and unsuccessful steering efforts by the Defendants to reasonably conclude discovery will produce additional evidence of Defendants' actions"); Doc. 177 at 13, 48-50.) The Court has already rejected this contention.   As the Court stated, in dismissing the tortious interference claim in Plaintiffs' Original Complaint, "there is nothing in the Complaint that explains why the Defendants, but not the Plaintiffs, would have this information.  Surely the Plaintiffs must have some basis to believe that certain Defendants interfered with certain of the Plaintiffs' customers."  (Doc. 118 at 3.)[6]

For all these reasons, the Magistrate Judge's recommended partial dismissal with prejudice of Plaintiffs' tortious interference claim was appropriate and should be adopted by the Court.  In addition, as shown in State Farm's, Progressive's and Louisiana Farm Bureau's partial objections, contrary to the R&R's holding, Plaintiffs' remaining tortious interference claims are deficient as a matter of law and should be dismissed with prejudice.  (*See* Doc. 168, 169, and 170).

---

[6] This Court has also dismissed the plaintiffs' tortious interference claims despite the plaintiffs' alleged need for discovery in the *Alpine Straightening* and *Brewer Body Shop*.  (*See Alpine Straightening*, No. 6:14-cv-6003, Doc. 101 at 2; *Brewer Body Shop*, No. 6:14-cv-6002, Doc. 84 at 2.)

107418199.1

IV. **MAGISTRATE JUDGE SMITH CORRECTLY RECOMMENDED DISMIS-SAL WITH PREJUDICE OF PLAINTIFFS' CLAIM FOR UNJUST EN-RICHMENT (COUNT FOUR)**

The Magistrate Judge properly recommended dismissal of Plaintiffs' unjust enrichment claim as deficient as a matter of law. (Doc. 167 at 21-26.) Under Louisiana law, there are five essential elements of a claim for unjust enrichment: "'(1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment, and (5) there must be no other remedy at law available to plaintiff.'" (*Id.* at 21 (quoting *Baker v. Maclay Props. Co.*, 648 So. 2d 888, 897 (La. 1995).) As the Magistrate Judge correctly found, Plaintiffs have failed to support essential elements of their unjust enrichment claim in the FAC with sufficient factual allegations.

A. **Magistrate Judge Smith Properly Found that Defendants Were Not Enriched.**

The Magistrate Judge correctly concluded (Doc. 167 at 22-23) that Plaintiffs' unjust enrichment claim fails because Defendants were not enriched since Plaintiffs did not confer a benefit upon Defendants. In their Objection, Plaintiffs demand "[i]dentification of Louisiana authority holding determination of conferral of a benefit is an element of quantum meruit [sic] under Louisiana law." (Doc. 177 at 65.) Plaintiffs contend that "[b]enefit to the defendant is not an element of an unjust enrichment claim under Louisiana state law." (*Id.* at 5.) In fact, while the formulation of the elements of unjust enrichment most commonly used by Louisiana courts (and quoted by Judge Smith) speaks of "enrichment" of the Defendant, Louisiana courts regularly analyze the element of "enrichment" with regard to

13

whether there was a "benefit" conferred on the Defendant.  The very cases cited by Plaintiffs (*id.* at 7) illustrate this point.  Plaintiffs cite *Harp v. Town of Lake Providence*, 338 So. 2d 169 (La. Ct. App. 1976), in which the court considered whether defendant received a "benefit." *Id.* at 171.  Similarly, Plaintiffs cite *Advanced Logistical Support, Inc. v. Fritz Companies*, 2003 WL 21459688 (E.D. La. June 18, 2003), for the proposition that "[a] defendant is enriched where the plaintiff has performed services beneficial to the defendant or satisfied a debt or duty of the defendant." *Id.* at *12.  Indeed, "[t]he root principle of an unjustified enrichment is that the plaintiff suffers an economic detriment for which he should not be responsible, while the defendant receives an economic benefit for which he has not paid." *The Nature Conservancy v. Upland Props, LLC*, 48 So. 3d 1257, 1261 (La. Ct. App. 2010).

Plaintiffs assert that Judge Smith erred in creating a "request element" for unjust enrichment.  (Doc. 177 at 10-11.)  Judge Smith did not treat a "request" by Defendants as an element of an unjust enrichment claim, but properly considered the lack of a request by Defendants in his analysis of Plaintiffs' claim. Indeed, the portion of the Restatement of Restitution that Plaintiffs quote in their Objection and assert was "affirmatively adopted" by the Louisiana courts as "binding state court authority" makes clear that a request (or lack of a request) by a defendant for the benefit conferred by a plaintiff is directly relevant to unjust enrichment.  (*Id*. at 7.)  It states that "'[a] person confers a benefit upon another if he . . .

performs services beneficial to or *at the request of the other.*'"   (*Id.* (quoting Restatement (First) of Restitution § 1, cmt. b) (emphasis added).)[7]

Plaintiffs also incorrectly claim that Judge Smith's "[r]eport creates its own definition of 'benefit' without reference to Louisiana law on enrichment." (Doc. 177 at 8.)   On the contrary, in analyzing whether Plaintiffs benefitted Defendants, Judge Smith specifically adopted Plaintiffs' position that "Louisiana has applied the Restatement [First] of Restitution § 1 to define 'benefit' for purposes of unjust enrichment." (Doc. 167 at 22; *see also* Doc. 134 at 51.)

Judge Smith correctly found the FAC does not plead facts showing that Defendants were enriched by Plaintiffs.  The FAC alleges in conclusory fashion that the repairs Plaintiffs performed "benefitted and enriched Defendants and Defendant's [sic] insured/claimants for whom Defendants are required to provide payment for repairs."  (FAC ¶ 556.)  However, the FAC provides no support for this assertion that a benefit was conferred on Defendants.  As Judge Smith stated, Plaintiffs "do not allege that repairs are done at Defendants' request, that Defendants have a duty to repair the vehicles, or that repairing the vehicles discharges Defendants' obligations to their insureds and claimants." (Doc. 167 at 23.)

As Judge Smith noted, this Court has pointed out that the repairs of insureds' vehicles at issue "'obviously provided a benefit to the owners of the vehicles.'"   (Doc. 167 at 23 (quoting *A&E*, No. 6:14-cv-00310, Doc. 293 at 9).)  Yet, so far as the FAC "'discloses, the

---

[7] Plaintiffs erroneously contend that "requiring" a "request" for repairs by insurers would contravene La. R.S. § 22:1892, which forbids an insurer from making payment for auto repairs contingent upon use of an insurer-preferred repairer. (Doc. 177 at 12.) The fact that, under Louisiana law and normal insurance company practices, it is up to the insured to choose a repairer is consistent with the lack of any relationship or other circumstances between insurers and independent repair shops such as Plaintiffs that would support Plaintiffs' claims for unjust enrichment.

only effect of such a repair on the insurance company is the incurring of an obligation to pay for it.'" (*Id.*)  As the Court recognized, that is hardly a benefit to the insurers.  (*A&E*, Doc. 293 at 9.)  Moreover, even to the extent that an obligation to pay could be construed as a "'benefit,'" it is "certainly not something that has been conferred . . . by the repair shop." (*Id.* at 10.)  Therefore, as Judge Smith concluded, the FAC "do[es] not allege that Plaintiffs have enriched Defendants," and Plaintiffs' unjust enrichment claim should be dismissed with prejudice as a matter of law.  (Doc. 167 at 23.)

> **B.**     **Magistrate Judge Smith Properly Concluded That, By Their Own Allegations, Plaintiffs Cannot Show They Were Impoverished.**

Judge Smith also correctly determined that Plaintiffs cannot establish the essential element of an "impoverishment" of Plaintiffs. (*Id.* at 24-26.)    Under Louisiana law, an impoverishment must be without "justification" or "cause." (*Id.* at 21 (citing *Baker*, 648 So. 2d at 897.)  As Judge Smith stated, "'[i]mpoverishment can be shown "only when the factual circumstances show that impoverishment was not a result of the plaintiffs' own fault or negligence *or was not undertaken at [their] own risk*."'" (*Id.* at 24 (quoting *Dorsey v. N. Life Ins. Co.*, 2005 WL 2036738, at *23 (E.D. La. Aug. 15, 2005)) (emphasis in original; citation omitted).)

Here, Plaintiffs admit that they were told exactly what Defendants would pay before they performed the repairs, but they chose to perform the work any way.  According to the FAC, Defendants made clear to auto body shops the amounts they were willing to pay for the services to be rendered.  (*See, e.g.*, FAC ¶¶ 109-10, 171-72, 179-81, 185-89.)  Furthermore, Plaintiffs' allegations make clear that the same or similar DRP agreements and pricing

practices have existed for many years and are well known to body shops.  (*See, e.g*, *id.* ¶¶ 163-72, 271-72, 276, 494-508.)

There can be no plausible claim that, when Plaintiffs took on repairs, they expected higher payments than they received, rendering their unjust enrichment claim deficient as a matter of law.  As Judge Smith explained, Plaintiffs "have dealt with Defendants for years and know what Defendants will pay." (Doc. 167 at 25.)  Plaintiffs' contention that "Louisiana does <u>not</u> include as an element of unjust enrichment a reasonable expectation of payment" (Doc. 177 at 18) misses the point.  Plaintiffs cannot become unjustly impoverished when Plaintiffs had no reasonable expectation of obtaining additional payments from Defendants.  As Judge Smith stated, "[g]iven the parties' history, Plaintiffs could not, under any level of reasonableness, have expected to be paid more than what they received, and any alleged impoverishment resulting from accepting work from Defendants' insureds was undertaken at Plaintiffs' own risk." (Doc. 167 at 25-26.)[8]

In their Objection, Plaintiffs incorrectly contend that the point that Defendants have refused to pay what Plaintiffs have demanded to be paid for repairs is an "affirmative defense" that Defendants have the burden to prove and may not be considered on a motion to dismiss.  (*See* Doc. 177 at 20-24.)  However, as discussed above, Plaintiffs' own allegations

---

[8] Contrary to Plaintiffs' implications, Defendants have not argued and Judge Smith did not hold that "a defendants' [sic] unilateral course of conduct defeats an unjust enrichment claim as a matter of law." (*See* Doc. 177 at 65.)  Rather, Plaintiffs' unjust enrichment claim is defeated by the fact that Defendants made clear to Plaintiffs how much they were willing to pay for repairs for their insureds and Plaintiffs decided to undertake the repairs and not to seek payment from insureds. (*See* Doc. 167 at 25 (Defendants' payment positions have been "'presented to Plaintiffs on a "take it or leave it" basis,'" and Plaintiffs have continued to perform repairs and they "do not allege that Defendants have failed to pay for the repairs." (citations omitted)).  That is not unilateral conduct.  Nor is it "coercion and/or duress." (*See* Doc. 177 at 65.)

in the FAC reveal that Plaintiffs were told exactly what Defendants would pay before they performed the repairs, but they decided to perform the work any way.  Plaintiffs' own allegations of course may be considered by the Court in ruling on this motion to dismiss. Plaintiffs' own allegations demonstrate that as a matter of law Plaintiffs cannot meet their burden of plausibly pleading and proving an expectation of greater payments.[9]

Nothing in the law of unjust enrichment allows a repair shop to perform repairs with full advance knowledge of the amount the insurer is willing to pay, and then require *the insurer* to pay more than it actually offered to pay in the first place.  Indeed, Plaintiffs had a number of options available to them.  As Judge Smith stated, "[i]f Plaintiffs [we]re unhappy with the prices Defendants pay, then they [could have] negotiate[d] higher prices before performing the repairs or refuse[d] to make repairs for Defendants' insureds."  (Doc. 167 at 26.)  Alternatively, Plaintiffs could have requested that the customer pay for any difference in compensation.[10]   After all, "[t]he repair agreement is between the consumer and the body shop."  (*Lee Pappas Body Shop*, No. 6:14-cv-06019, Doc. 52 at 10).

Whether Plaintiffs had a duty to do so or not, Plaintiffs failed to exercise those options, and instead, performed work knowing what they would be paid.  As Judge Smith concluded, "[u]njust enrichment is not available to secure a better bargain for Plaintiffs than

---

[9] Moreover, the Eleventh Circuit has made clear that a "'complaint may be dismissed if an affirmative defense . . . appears on the face of the complaint.'" *Perlman v. Bank of Am., N.A.*, 561 F. App'x 810, 813 (11th Cir. 2014) (citation omitted) (alteration in original).  Thus, a "litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense." *U.S. Gypsum Co. v. Ind. Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003).  Consequently, even if asserting that Defendants had told Plaintiffs what they would pay for repairs were an affirmative defense (which it is not), Plaintiffs have pled it on the face of the FAC, and their unjust enrichment claim is barred as a matter of law.

[10] As Judge Smith recognized, if Plaintiffs would like to receive their full desired compensation, they have an avenue for recourse: seeking compensation from their customers.  (*See Lee Pappas Body Shop*, No. 6:14-cv-06019, Doc. 48 at 27-28 n.18.)

the amounts they agreed to when they accepted the work." (Doc. 167 at 26.)[11] Accordingly, Plaintiffs' unjust enrichment claim should be dismissed as a matter of law because Plaintiffs cannot show they were subjected to an unwarranted "impoverishment." (*Id.* at 25-26.)

### C. Plaintiffs' Unjust Enrichment Claim Is Precluded By Their Assertion of Antitrust and Tortious Interference Claims

Under Louisiana law, a potential cause of action under tort or other law precludes a plaintiff from seeking unjust enrichment. *JP Mack Indus., LLC v. Mosaic Fertilizer, LLC*, 970 F. Supp. 2d 516, 521 (E.D. La. 2013). Judge Smith properly found that "Plaintiffs have already attempted to recover [unjust enrichment] losses by alleging antitrust and tortious interference claims against Defendants" and that "[t]hese unsuccessfully pled claims operate to bar unjust enrichment as an alternative cause of action." (Doc. 167 at 25 & n.78 (citing *Walters v. MedSouth Record Mgmt.*, LLC., 38 So. 3d 241, 242 (La. 2010) ("Having pled a delictual action, we find plaintiff is precluded from seeking to recover under unjust enrichment")).) As Judge Smith observed, "'[i]t is not the success or failure of other causes of action, but rather the *existence* of other causes of action, that determine whether unjust enrichment can be applied.'" (Doc. 167 at 21 (quoting *Garber v. Badon & Ranier*, 981 So. 2d 92, 100 (La. Ct. App. 2008) (citation omitted)).

Plaintiffs' contention that no overlap exists between the unjust enrichment claims and other claims (Doc. 177 at 16) is unavailing because (as Judge Smith ruled) "the unjust

---

[11] Plaintiffs' contention that "Louisiana unjust enrichment affirmatively requires adequate compensation for services rendered which is a question of fact" is beside the point. (*See* Doc. 177 at 19.) The Magistrate Judge properly decided that as a matter of law no further compensation is owed under Plaintiffs' unjust enrichment claim. Because Plaintiffs have failed to allege facts showing that compensation is owed, there is no need to determine "adequate compensation" for Plaintiffs' repair work. *Id.*

enrichment counts include the antitrust and tortious interference counts." (Doc. 167 at 7 (noting the effect of shotgun pleading).)  Plaintiffs' unjust enrichment claims are based upon precisely the same factual allegations as Plaintiffs' antitrust and tortious interference claims. Accordingly, Plaintiffs' unjust enrichment claim should be dismissed for this additional reason.

### D.      Plaintiffs Still Rely on Impermissible Group Pleading

As Judge Smith observed, Plaintiffs' unjust enrichment claim also should "be dismissed as improper shotgun and group pleading." (Doc. 167 at 13.)  Plaintiffs' reliance on group pleading flatly contravenes the Court's Orders instructing Plaintiffs to provide "individualized allegations" to support their state law claims such as unjust enrichment.  (*See A&E*, Doc. 110 ¶ 4; *A&E*, Doc. 293 at 6 & n.8.)  In the FAC, Plaintiffs entirely fail to provide the individual supporting factual allegations that would be required to show that the elements of their unjust enrichment claim are met with respect to any of the individual repair transactions at issue  Plaintiffs' continued failure to heed the Court's instructions and plead with the required specificity reinforces the appropriateness of  Judge Smith's recommended dismissal of Plaintiffs' unjust enrichment claim with prejudice.

## V.    CONCLUSION

For all the foregoing reasons, Defendants respectfully submit that Plaintiffs' Objection should be overruled and that the Court should issue an order adopting the Magistrate Judge's Report and Recommendation in part, rejecting those portions of the Report and Recommendations objected by Defendants (*see* Docs. 168, 169, 170), and dismissing all of Plaintiffs' state law claims in their entirety.

Dated:  May 9, 2016                      Respectfully submitted,

                                         */s/ Johanna W. Clark*
                                         Johanna W. Clark
                                         CARLTON FIELDS JORDEN BURT, P.A.
                                         450 S. Orange Ave., Suite 500
                                         Orlando, Florida 32801
                                         Telephone: (407) 849-0300
                                         Facsimile: (407) 648-9099
                                         Email: jclark@cfjblaw.com

                                         Michael L. McCluggage
                                         EIMER STAHL LLP
                                         224 South Michigan Avenue, Suite 1100
                                         Chicago, Illinois 60604
                                         Telephone: (312) 660-7600
                                         Facsimile: (312) 692-1718
                                         E-mail: mmcluggage@eimerstahl.com

                                         Michael P. Kenny
                                         ALSTON & BIRD LLP
                                         One Atlantic Center
                                         1201 West Peachtree Street
                                         Atlanta, Georgia 30309
                                         Telephone: 404-881-7000
                                         Facsimile: 404-881-7777
                                         Email: mike.kenny@alston.com

                                         *Attorneys for Defendants State Farm Mutual
                                         Automobile Insurance Company and State
                                         Farm Fire and Casualty Company*

                                         */s/ E.K. Cottrell*
                                         E.K. Cottrell (Fla. Bar No: 0013579)
                                         SMITH, GAMBRELL & RUSSELL, LLP
                                         50 N. Laura Street, Suite 2600
                                         Jacksonville, Florida  32202
                                         Telephone: (904) 598-6100
                                         Facsimile: (904) 598-6300
                                         Email: ecottrell@sgrlaw.com

                                         *Attorneys for Defendants Sentry Insurance A
                                         Mutual Company, and Sentry Select Insur-
                                         ance Company*

107418199.1

*/s/ Timothy J. Rooney*
Timothy J. Rooney (admitted pro hac vice)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: trooney@winston.com

Laura Besvinick (Fla. Bar No. 391158)
STROOCK & STROOCK & LAVAN LLP
200 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Telephone: (305) 789-9300
Facsimile: (305) 789-9302
Email: lbesvinick@stroock.com

*Attorneys for Defendants Travelers Casualty
and Surety Company, Travelers Casualty
and Surety Company of America, Travelers
Casualty Insurance Company of America,
The Travelers Indemnity Company of America, The Travelers Indemnity Company of
Connecticut, The Travelers Indemnity Company, and Travelers Property Casualty
Company of America*

/s/ Richard L. Fenton
Richard L. Fenton
Mark L. Hanover
Dentons US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
Email: richard.fenton@dentons.com
Email: mark.hanover@dentons.com

Bonnie Lau
Dentons US LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email: bonnie.lau@dentons.com

Lori J. Caldwell (Florida Bar No. 0268674)
Rumberger, Kirk & Caldwell, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone: (407) 872-7300
Facsimile: (407) 841-2133
Email: lcaldwell@rumberger.com

*Attorneys for Defendants Allstate Property and Casualty Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Allstate Insurance Company, Encompass Indemnity Company, Encompass Insurance Company of America, Encompass Property and Casualty Company, and Esurance Insurance Company*

*/s/ Michael E. Mumford*
Ernest E. Vargo (*admitted pro hac vice*)
Michael E. Mumford (*admitted pro hac vice*)
BakerHostetler
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
Email: mmumford@bakerlaw.com
Email: evargo@bakerlaw.com

*Attorneys for Defendants Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, Safeco Insurance Company of America, and Safeco Insurance Company of Oregon*

*/s/ Elizabeth S. Horn*
Richard C. Stanley (La. Bar No. 8487)
Elizabeth S. Horn (La. Bar No. 35829)
STANLEY, REUTER, ROSS,
THORNTON & ALFORD, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana  70112
Telephone:  (504) 523-1580
Facsimile: (504) 524-0069
Email: rcs@stanleyreuter.com
Email: esh@stanleyreuter.com

*Attorneys for Defendant, Fireman's Fund Insurance Company*

107418199.1

*/s/ Christopher C. Skambis*
Christopher C. Skambis
(Fla. Bar No. 0262358)
THE SKAMBIS LAW FIRM
720 Rugby Street, Suite 120
Orlando, Florida 32804
Telephone: (407) 649-0090
Facsimile: (407) 649-0191
Email: cskambis@skambislaw.com

*Attorneys for Defendant Safeway Insurance Company of Louisiana*

*s/ Howard B. Kaplan*
Howard B. Kaplan (La. Bar. No. 14414)
Bernard, Cassisa, Elliott & Davis
3838 N. Causeway Boulevard, Suite 3050
Metairie, Louisiana 70002
Telephone: (504) 834-2612
Facsimile: (504) 838-9438
Email: hkaplan@bcedlaw.com

*Attorneys for United Fire and Casualty Company and United Fire & Indemnity Company*

_/s/ Michael R. Nelson_
Michael R. Nelson (NY Bar No. 4097572)
Kymberly Kochis (NY Bar No. 4045530)
Francis X. Nolan, IV (NY Bar No. 984277)
SUTHERLAND ASBILL & BRENNAN LLP
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York 10036
Telephone:(212) 389-5000
Facsimile: (212) 389-5099
Email: michael.nelson@sutherland.com
Email: kymberly.kochis@sutherland.com
Email: frank.nolan@sutherland.com


Jeffrey S. Cashdan
Claire Carothers Oates
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia  30309
Telephone: (404) 572-4600
Facsimile: (404) 472-5139
Email: jcashdan@kslaw.com
Email: coates@kslaw.com

_Attorneys for Defendants Progressive Security Insurance Company and Progressive Paloverde Insurance Company_

*/s/ Hal K. Litchford*

Hal K. Litchford (Fla. Bar No. 272485)
Kyle A. Diamantas (Fla. Bar No. 106916)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
SunTrust Center
200 South Orange Avenue
Post Office Box 1549
Orlando, Florida  32802
Telephone:  (407) 422-6600
Facsimile:  (407) 841-0325
Email:  hlitchford@bakerdonelson.com
Email:  kdiamantas@bakerdonelson.com
   *-and-*
Amelia W. Koch *(admitted pro hac vice)*
Steven F. Griffith, Jr. *(admitted pro hac vice)*
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
Email: akoch@bakerdonelson.com
Email: sgriffith@bakerdonelson.com

*Attorneys for Defendants, USAA Casualty Insurance Company and USAA General Indemnity Company*

/s/ Christopher R. Pennison
Christopher R. Pennison
(La. Bar No. 22584)
Jay M. Lonero, T.A. (La. Bar No. 20642)
LARZELERE PICOU WELLS SIMPON
LONERO, LLC
Two Lakeway Center, Suite 1100
3850 N. Causeway Boulevard
Metairie, Louisiana  70002
Telephone:  (504) 834-6500
Facsimile:  (504) 831-6565
Email:  cpennison@lpwsl.com
Email:  jlonero@lpwsl.com

*Attorneys for Defendants, American
National Property and Casualty Company
and American National General Insurance
Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

*/s/ Johanna W. Clark*
Johanna W. Clark

107418199.1