UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PARKER AUTO BODY INC, et al.,

    Plaintiffs,

v.                                                            Case No:   6:14-cv-6004-Orl-31TBS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,

    Defendants.

## ORDER

This case comes before the Court on Defendants' Motion to Strike Plaintiffs' Objections to Magistrate's Report & Recommendation (Doc. 182).   Plaintiffs have not filed a response to the motion and the time within to do so has expired.

When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014)[1]  (citing Kramer v. Gwinnett Cty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at * 1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed).

---

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority."   CTA11 Rule 36-2.

The Report and Recommendation ("R&R") in question was entered on April 5, 2016, and concludes with the following notice to the parties:

> A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

(Doc. 167).

Plaintiffs filed their 67 page objection ("Objection") to the R&R (Doc. 178), on April 27, 2016, which was 8 days after the deadline. In the past, the Court has excused the failure by Plaintiffs to comply with deadlines in related cases. See Case No. 6:14-cv-6001-Orl-31TBS docket entry 173; Case No. 6:14-cv-6003-Orl-31TBS docket entry 123; Case No. 6:14-cv-6008-Orl-31TBS docket entry 116. However, in this instance, Plaintiffs have failed to show excusable neglect and therefore, the Objection is due to be stricken for being untimely.

The Objection is also due to be stricken because it exceeds the 20 page limitation established by M.D. FLA. 3.01(b). Plaintiffs could have, but failed to seek leave of Court before filing their over-length Objection.

For these reasons, the motion to strike is **GRANTED** and the Objection is **STRICKEN**.

**DONE** and **ORDERED** in Orlando, Florida on May 27, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record