# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PARKER AUTO BODY INC, et al.,

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,

    Defendants.

Case No: 6:14-cv-6004-Orl-31TBS
MDL Case No: 6:14-md-2557-31TBS

---

SOUTHERN COLLISION &
RESTORATION, INC.,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,

    Defendants.

Case No: 6:14-cv-6005-Orl-31TBS
MDL Case No: 6:14-md-2557-31TBS

---

## ORDER

This matter comes before the Court without a hearing on the Report and Recommendation (Doc. 167)[1] filed by Magistrate Judge Smith regarding numerous motions to dismiss filed in Case No. 6:14-cv-6004 (henceforth, the "Parker Case") and Case No. 6:14-cv-6005 (henceforth, the Southern Collision Case"). In both cases, the Plaintiffs had originally asserted both state and federal claims, but the federal claims were resolved in a previous order; thus, Judge Smith

---

[1] Except where noted, all record citations are to the docket in Case No. 6:14-cv-6004.

addressed only those portions of the motions addressed to the Plaintiffs' state law claims.  He recommended that four tortious interference claims be dismissed without prejudice and recommended that the Plaintiffs' other state law claims be dismissed with prejudice.

The Plaintiffs in the Parker Case filed an objection (Doc. 178) to the Report and Recommendation, but that objection was stricken for exceeding the page limit and being filed after the deadline to do so.  (Doc. 185 at 2).  The Plaintiffs did not file an objection in the Southern Collision Case.

As noted, Judge Smith recommended that four tortious interference claims be dismissed without prejudice.  Of the four tortious interference claims of which Judge Smith recommended dismissal without prejudice, two involved Defendants State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company (henceforth, collectively, "State Farm"); one involved Defendants Progressive Security Insurance Company and Progressive Paloverde Insurance Company (henceforth, collectively, "Progressive"); and the remaining one involved Defendant Louisiana Farm Bureau Casualty Insurance Company ("Louisiana Farm").  State Farm, Progressive, and Louisiana Farm all filed partial objections in the Parker Case; State Farm also filed a partial objection in the Southern Collision case.  Each of the affected Defendants argued in favor of having the remaining tortious interference claim or claims that had been asserted against it dismissed with prejudice, rather than without prejudice.  Upon review, the Court finds that the shortcomings identified by the Defendants – such as, for example, that the Plaintiffs failed to adequately plead malice – could conceivably be cured upon repleading.  As such, those shortcomings do not justify dismissal with prejudice.

Finally, Defendant GEICO filed partial objections in both cases to take issue with certain *dicta* in the Report and Recommendation.   The Court does not find that clarification or correction is appropriate as to either case.

Accordingly, it is hereby

**ORDERED** that the Report and Recommendation (Doc. 167 in Case No. 6:14-cv-6004; Doc. 72 in Case No: 6:14-cv-6005) is affirmed, as set forth above.   And it is further

**ORDERED** that the Plaintiffs' state law claims are **DISMISSED WITH PREJUDICE**, with the exception of the four tortious interference claims identified by Judge Smith in the Report and Recommendation, which are **DISMISSED WITHOUT PREJUDICE.**   Any amended pleadings must be filed on or before August 11, 2016.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 28, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

- 3 -